[Crim. No. 1145. Second Appellate District, Division One.—November 5, 1924.]

## THE PEOPLE, Respondent, v. C. V. CLARK et al., Appellants.

[1] CRIMINAL LAW—IMPRISONMENT IN ROAD CAMP—ILLEGALITY OF JUDGMENT—CRIMINALITY OF ESCAPE.—That part of a judgment remanding a defendant, after suspension of execution of sentence of imprisonment in the state's prison, to the custody of the sheriff to work at a county road camp is illegal and gave to the officers having charge of said defendant no authority to imprison him, and defendant's leaving said road camp without the knowledge or consent of the authorities thereof was not an escape as defined by the statute.

[2] ID.—IRREGULARITY OR INFORMALITY IN PROCESS—ESCAPE.—A mere irregularity or informality in the process under which the prisoner is held would not justify an escape.

[3] ID.—IMPRISONMENT—SENTENCE—JURISDICTION.—A trial court, in felony cases, has no right or authority to render a judgment imprisoning a defendant in the county jail or road camp, nor any right or authority, in misdemeanor cases, to sentence the defendant to imprisonment in the state's prison.

(1) 16 C. J., p. 1337, sec. 3143; 21 C. J., p. 830, sec. 17.   (2) 21 C. J., p. 831, sec. 17.   (3) 16 C. J., p. 1368, sec. 3222.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul Burks, Judge. Reversed.

The facts are stated in the opinion of the court.

E. A. Williams, William Condon, J. A. Balthasar and W. W. Judd for Appellants.

1. Criminal liability for escape as depending on lawfulness of imprisonment, note, Ann. Cas. 1912C, 757.

Justification for prison breach when imprisonment wholly illegal and void, notes, 15 L. R. A. 190; 52 L. R. A. (N. S.) 369. See, also, 10 R. C. L. 581; 10 Cal. Jur. 561.

2. See 10 R. C. L. 583.

3. Effect of punishment imposed to reduce crime from felony to misdemeanor, note, 8 Ann. Cas. 821. See, also, 8 R. C. L. 238; 8 Cal. Jur. 466.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CURTIS, J.—The defendant C. V. Clark was charged with the crime of escape, it being alleged that while he was in the lawful custody of William G. Kiester, deputy sheriff of the county of Los Angeles, and F. E. Wadsworth, superintendent of the detention camp, he escaped from said officers. The defendants Henry and Lewis M. Dischner are charged with assisting said Clark in making his escape from said officers. The two actions were consolidated and tried together, and the jury rendered a verdict, finding the defendants guilty as charged. It appears from the evidence that on February 8, 1924, the defendant Clark plead guilty to the crime of burglary, and on said day judgment was pronounced against him as follows: "Whereas, the said C. Vincent Clark having duly entered his plea of guilty in court of the crime of burglary, a felony, as charged in the information, which the court finds to be burglary in the second degree, it is therefore ordered, adjudged and decreed that the said C. Vincent Clark be punished by imprisonment in the state's prison of the state of California at San Quentin for the term prescribed by law. The defendant was then remanded to the custody of the sheriff of the county of Los Angeles, to be by him delivered into the custody of the warden of said state's prison of the state of California at San Quentin. Done in open court this 8th day of February, 1924. February 8, 1924, execution of said sentence suspended, defendant to be remanded to the custody of the sheriff to work at the county road camp." Thereafter and with the evident purpose of carrying into effect said judgment, Clark was taken, by the sheriff of said county, to one of the county road camps and placed in charge of Deputy Sheriff Kiester and Superintendent Wadsworth. On April the 8th, 1924, without the knowledge or consent of these officers, or either of them, or of any other person in authority, Clark left the road camp and on the evening of the same day was found in the city of San Pedro, riding in an automobile with the other two defendants. There was also evidence tending to show that the defendants, the Dischners, assisted Clark in leaving the road camp.

It is now contended by the appellants that the imprisonment of the appellant Clark and his detention by the authorities in charge of the road camp were illegal and unlawful, and therefore that it was no offense for him to peaceably leave the place of his confinement. This contention is based upon that portion of the judgment of the court, which, after providing that the sentence of imprisonment in the state's prison be suspended, purports to remand the defendant to the custody of the sheriff, to work at the county road camp. Undoubtedly the court had in mind, in pronouncing this judgment, subdivision *a* of section 1203 of the Penal Code, providing for the suspending of sentence. A portion of said subdivision, however, reads as follows: "In case of such suspension of imprisonment or execution of sentence, the court shall place said person on probation and under the charge and supervision of the probation officer during said suspension." In the case of *People* v. *Mendosa,* 178 Cal. 509–511 [173 Pac. 998], the court, in construing this section held that "The section clearly contemplates that the defendant, while on probation and conforming to the terms thereof, shall be at large and not in confinement." The import of this decision is that the trial court upon a suspension of a sentence of imprisonment is without authority to further restrain or confine the defendant. [1] It follows, therefore, in the case before us that that part of said judgment remanding the defendant Clark to the custody of the sheriff to work at the county road camp is illegal and gave to the officers no authority to imprison said defendant. The imprisonment of Clark being illegal, was he guilty of the crime of escape when he peaceably left the place of his confinement? In the case of *People* v. *Ah Teung,* 92 Cal. 421–425 [15 L. R. A. 190, 28 Pac. 577, 578], the court said: "But when the imprisonment is unlawful, and is itself a crime, the reason which makes flight from prison an offense does not exist. In such a case the right to liberty is absolute, and he who regains it is not guilty of the technical offense of escape. And this view seems to be the one which is adopted by the courts, without dissent from any." Further the court says in this same case: "That there can be no escape, in the sense of the law, unless there was a lawful custody, is also held . . . (citing authorities)."

In the case of *People* v. *Ah Teung, supra,* a distinction is made between an imprisonment without any process and wholly without authority of law, and an imprisonment under process which is simply irregular in form. [2] A mere irregularity or informality in the process under which the prisoner is held would not justify an escape. In the case of *People* v. *Mendosa, supra,* the supreme court affirmed the order denying the defendant a new trial, but reversed the judgment with directions to the trial court to pronounce judgment against defendant in accordance with law. While the judgment in the Mendosa case, like that in the case before us, was one that could be corrected, and to that extent might be considered merely irregular in form, yet until it was · corrected, it was a judgment wholly without law. [3] The trial court, in felony cases, has no more right or authority to render a judgment imprisoning a defendant in the county jail or road camp, than it would, in misdemeanor cases, to sentence the defendant to imprisonment in the state's prison. In neither case is there any legal authority in the court to pronounce such a judgment. Upon appeal, and possibly upon a petition for writ of *habeas corpus,* the appellate court might direct a resentence of the defendant, but until such resentence is had, any process based upon the judgment in the first instance would be invalid, and any imprisonment under such a process would be unlawful, and an escape therefrom would not be an offense under the statute. Our conclusion, therefore, is that the imprisonment of the defendant Clark under a process based upon the judgment remanding him to the custody of the sheriff to work at the county road camp was unlawful, and that his leaving said road camp without the knowledge or consent of the authorities thereof was not an escape as defined by the statute. It necessarily follows that if Clark was not guilty of the crime of escape, that the appellants, the Dischners, were not guilty of any crime in assisting him to leave the road camp.

Objections are also made to the rulings of the court in the settlement of the instructions, but as the judgment must be reversed, for the reasons already given, and, if our views are correct, the case against the defendants probably should be dismissed as the evidence is insufficient to justify any

verdict of conviction, we will not discuss the objections made by the appellants to the ruling of the court settling the instructions.

Judgment and order denying motion for new trial are reversed.

Conrey, P. J., and Houser, J., concurred.