[Crim. No. 1257. First Appellate District, Division One.—December 31, 1925.]

## THE PEOPLE, Respondent, v. COLVIN CRIDER, Appellant.

[1] CRIMINAL LAW—ESCAPE FROM STATE PRISON—COMMITMENT—PLEADING.—An information charging a defendant with the crime of escaping from a state prison, and which charges in substance that while undergoing a sentence of imprisonment in the state prison at San Quentin, under and by virtue of a judgment of a designated superior court, defendant wilfully, unlawfully, and feloniously escaped from said state prison, is not defective because of the failure to allege specifically that defendant was "committed" to said prison.

[2] ID.—ESCAPE WHILE AT WORK OUTSIDE PRISON—PLEADING—EVIDENCE.—The allegation of an information charging a defendant with the crime of escaping from a state prison may be proved by evidence showing that he escaped while at work outside such prison under the surveillance of the prison guards.

[3] ID. — PROOF OF ESCAPE — SURPLUS ALLEGATIONS — EVIDENCE. — In such prosecution, where a certified copy of the judgment of conviction was offered in evidence, supplemented by proof that defendant at the time he escaped was undergoing a sentence of imprisonment in the state prison at San Quentin by virtue of said judgment, thereby establishing the fact that he was a prisoner in said state prison at the time of the escape, that is all that the

———

2.  See 10 Cal. Jur. 565.

statute required; and the allegations of the information to the effect that said judgment had never been vacated, set aside, or reversed, but was still in full force and effect, were not essential to the charge, and proof in support of them was unnecessary.

[4] ID.—INTENT TO ESCAPE—TIME AND PLACE IMMATERIAL.—In such prosecution, it is immaterial that when defendant departed from the prison camp his intention was to return to the state prison to obtain medical treatment, but on the way back to the prison he changed his mind and made his escape, because, in contemplation of law, he was at all times a prisoner and under the surveillance of the prison guards.

[5] ID.—CONVICTION—JUDGMENT—ILLEGAL TERM—REMEDIES.—Where a defendant is duly convicted "of the crime of felony, to wit: escape from State Prison," and is ordered "punished by imprisonment in the State Prison of the State of California, at San Quentin, for the term of an indeterminate sentence as provided by law," and thereafter, in fixing the term of imprisonment under the indeterminate sentence law, the board of prison directors should impose an illegal term of imprisonment, the law affords the defendant ample remedy to correct the error thus committed.

---

(1) 21 C. J., p. 840, n. 40.　(2) 21 C. J., p. 843, n. 59.　(3) 21 C. J., p. 842, n. 28 New.　(4) 21 C. J., p. 833, n. 43 New.　(5) 16 C. J., p. 1369, n. 24.

APPEAL from a judgment of the Superior Court of Marin County. Edward I. Butler, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and Chas. A. Wetmore, Jr., Deputy Attorney-General, for Respondent.

KNIGHT, J.—This is an appeal by the defendant from a judgment of conviction of the crime of escaping from a state prison. The information charges in substance that while undergoing a sentence of twelve years' imprisonment in the state prison at San Quentin, under and by virtue of a judgment of the superior court of the state of California in and for the county of San Diego, rendered July 28, 1922, said defendant did wilfully, unlawfully, and feloniously escape from said state prison.

Section 105 of the Penal Code reads as follows: "Every prisoner confined in a state prison, for a term less than for life, who escapes therefrom, is punishable by imprisonment in a state prison for a term of not less than one year; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison." Section 106 of the same code, which was later enacted, also provides: "Every prisoner committed to a state prison for a term less than for life, who escapes or attempts to escape while being conveyed to or from or while confined within such prison or while at work outside such prison under the surveillance of prison guards is guilty of a felony and on conviction thereof the term of imprisonment therefor shall commence from the time such convict would otherwise have been discharged from said prison."

The undisputed evidence in the case shows that the defendant, after his commitment to said state prison, was, at his request and in accordance with the rules of said prison, sent to a prison camp in Mariposa County maintained by the board of state prison directors under the surveillance of prison guards. The defendant arrived at said prison camp about February 14, 1924, and escaped therefrom on March 30, 1924. Subsequently, and on August 17, 1924, he was taken into custody at Tucson, Arizona, and returned to said state prison.

[1] It is first contended by the defendant that the information does not state facts sufficient to constitute a public offense, in that it fails to charge that the defendant was "committed" to a state prison. From the statement of the substance of the information already made it is apparent that the point is without merit. While the information fails to allege specifically that the defendant was "committed" to said prison it does allege that while undergoing a sentence of twelve years' imprisonment in the California state prison at San Quentin, California, under and by virtue of a judgment of the superior court of San Diego County, he did feloniously escape from said state prison. We think this allegation sufficient to meet the requirement of the statute.

[2] Defendant further contends that the evidence is insufficient to sustain a conviction for the reason that while he was charged with having escaped from a state prison the evi-

dence shows that he escaped while at work outside such prison under the surveillance of the prison guards. In the case of *Bradford* v. *Glenn*, 188 Cal. 350 [205 Pac. 449], the supreme court had occasion to pass upon a like point in connection with the application of section 787 of the Penal Code, and it was there said: "We are of the opinion that a person serving a sentence of imprisonment in a state prison is, in contemplation of law, a prisoner therein, as well when at work outside under the surveillance of the prison guards as when confined within its walls, so that if he escapes when outside he escapes from a prison, within the meaning of section 787." In view of the language used in that decision we conclude that there was no variance between the allegations of the information and the proof, and that the jury was properly instructed upon that subject.

[3] The information contained allegations to the effect that said judgment of conviction of the superior court of San Diego County had never been vacated, set aside, or reversed, but was still in full force and effect. The prosecution offered no proof in support of those allegations and defendant now contends that the evidence in that regard is insufficient to sustain a conviction. It is our opinion that those allegations were not essential to the charge and that therefore proof in support of them was unnecessary. A certified copy of the judgment of conviction was offered in evidence, supplemented by proof that the defendant at the time he escaped was undergoing a sentence of imprisonment by virtue of said judgment, thereby establishing the fact that he was a prisoner in said state prison, at the time of the escape, which is all that the statute requires.

[4] Some mention. is also made by the defendant that there is evidence to the effect that when he departed from said prison camp his intention was to return to the prison to obtain medical treatment, but that on the way back to the prison he changed his mind and made his escape, and he claims, therefore, it was not proved that he escaped from the prison camp. We think it would make no difference when he conceived the intent to escape, because, in contemplation of law, he was at all times a prisoner and under the surveillance of the prison guards.

[5] As to the question of the difference in penalties fixed by the two code sections above quoted, the judgment of the

court was that the defendant, having been duly convicted
"of the crime of felony, to wit: escape from State Prison,"
was ordered "punished by imprisonment in the State Prison
of the State of California, at San Quentin, for the term
of an indeterminate sentence as provided by law . . . "  If,
hereafter, in fixing the term of imprisonment under the
indeterminate sentence law, the board of prison directors
should impose an illegal term of imprisonment, the law
affords the defendant ample remedy to correct any error
which might thus be committed.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.