Commonwealth ex rel. Penland *v.* Ashe.

OPINION BY KELLER, P. J., January 3, 1941:

Petition for writ of habeas corpus. Pursuant to our practice we granted a rule to show cause why the writ should not issue.

The 'indictment', charging robbery, upon which relator was sentenced, in the Court of Oyer and Terminer of Allegheny County, No. 39 November T. 1929, was not presented to the grand jury, nor was a true bill returned. It apparently was prepared, under the Act of April 15, 1907, P. L. 62, but an examination of the original indictment, which was sent up with the district attorney's answer, leads us to the conclusion that it did not substantially conform with the requirements of that statute.

(1) In the first place the 'indictment' was not signed by the district attorney. This defect was amendable and would be considered amended if there had been any authentication of it by the court or the clerk of the court, such as was present in *Com. ex rel. Krannacher v. Ashe,* 142 Pa. Superior Ct. 162, 15 A. 2d 855. But here there was none.

(2) No plea was entered on the 'indictment' as directed by the Act[1]; nor was there any separate paper

[1] "......the district attorney shall at once prepare a bill of indictment, *in the usual form,* and the *plea of guilty* shall, at the request of the said defendant or defendant's counsel, *be entered thereon."* (Italics supplied). Act of April 15, 1907, P. L. 62.

signed by the defendant pleading guilty to the charge in the indictment and waiving presentation to the grand jury, pursuant to which the district attorney entered the defendant's plea of guilty as requested in said paper. See *Com. ex rel. Banky v. Ashe*, 142 Pa. Superior Ct. 396, 16 A. 2d 668.

A rubber stamp *was* impressed on the back of the 'indictment' but it is undecipherable except for the opening words, "And now, Nov. 19, 1929, defendant having been charged with the offense." The rest is completely illegible—a mere blur. The clerk of the court who furnished relator with a certified copy of this 'indictment' must have unwarrantably relied upon evidence apart from this 'indictment' as to the contents of this stamp. It is utterly illegible on the 'indictment'. The blank spaces appearing in the stamped impression were not filled out, and it was not signed by the relator, or by any one for him; nor was it attested by the court or the clerk, as in *Com. ex rel. Krannacher v. Ashe*, supra.

(3) Another rubber stamp was also impressed on the back of the 'indictment', the italicized words being written in: "And now *November 14, 1929*. Defendant sentenced to pay a fine of *6¼ cts.* to the Commonwealth. Pay costs of prosecution; and undergo an imprisonment of not less than *6 years* or more than *12 years* in the Western Penitentiary and stand committed." This was not authenticated or attested in any manner by the court or by the clerk of the court.

We are of opinion that there was not a substantial compliance with the provisions of the Act of 1907, supra, and that relator would be entitled to his discharge *(Com. ex rel. Mayernick v. Ashe*, 139 Pa. Superior Ct. 421, p. 422, 12 A. 2d 452; *Com. ex rel. Fagan v. Francies*, 53 Pa. Superior Ct. 278, 289) were it not for the following circumstances: On May 22, 1931, while confined in the Rockview branch of the Western Penitentiary, re-

lator broke prison and escaped. He was recaptured and on May 26, 1931 he pleaded guilty in open court in the Court of Quarter Sessions of Centre County (No. 16 September Sessions 1931) to an 'indictment' duly prepared under the Act of 1907, supra, charging him with the offense of breaking and escaping penitentiary, on which was entered the following plea of guilty: "And now May 22, 1931, I hereby waive the finding of a true bill by the Grand Jury on the within indictment and enter a plea of guilty thereto, as if regularly tried and convicted as within indicted [signed] William Penland." He was sentenced to undergo an imprisonment in the Western State Penitentiary for and during the period of not less than six years or more than twelve years, to be computed from the expiration of the original sentence from Allegheny County for Robbery.

We have ruled that although a prisoner may be confined in the penitentiary under a sentence which would be reversed or set aside on appeal or writ of habeas corpus, if he breaks penitentiary and escapes, he is guilty of a misdemeanor and is punishable under the provisions of the Penal Code relative to breaking and escaping the penitentiary: *Com. ex rel. Banky v. Ashe*, supra; *Com. ex rel. v. Francies*, 73 Pa. Superior Ct. 285. And the last named case holds that the original sentence is effective until set aside; and that when so set aside, the sentence for breaking and escaping prison will commence and date from the entering of the order setting aside the prior sentence.

The relator will, therefore, be confined in the penitentiary for a period of not less than six years nor more than twelve years, to be computed from the date of this order.

And now, January 3, 1941, it is ordered that the sentence under the original indictment in Allegheny County to No. 39 November T., 1929, Oyer and Terminer, be set aside; but the relator is remanded to the penitentiary to serve the sentence imposed on him in the Court

of Quarter Sessions of Centre County to No. 16 September Sessions 1931, imprisonment under said sentence to commence from the date of this order.