[Civ. No. 3675.    Fourth Dist.    June 24, 1948.]

THE CITY OF NATIONAL CITY, Appellant, v. MARY Z. DUNLOP et al., Respondents.

Campbell & Campbell for Appellant.

Monroe & McInnis and J. W. McInnis for Respondents.

MUSSELL, J. pro tem.—This is an appeal from a judgment for defendants in an action brought by the city of National City, a municipal corporation, to eject defendants from certain real property and to enjoin them from occupying or using the said land.

The complaint alleges that at the time the present action was commenced, and for many years prior thereto, the land in question was a public street within the plaintiff municipality; that plaintiff city is the owner and entitled to possession thereof, and that defendants have entered upon and have exercised exclusive possession and control over said land. The defendants admit occupancy of the property. They allege they have made improvements thereon and will continue to occupy the same, and that the land is not a public street but is their private property.

Findings of fact and conclusions of law having been waived, the trial court rendered judgment denying an injunction and that plaintiff have no relief upon its complaint.

The property involved herein was a part of 24th Street in the city of National City. The street had been regularly dedicated but the portion which is the subject of this action was never physically open or used as a street.

The city council of plaintiff city passed a written resolution on the 29th day of June, 1943, which resolution contained a recital that because of existing emergencies and the necessity for closing the street, it was to the best interest and further-

ance of the war effort and because the said street was unnecessary for present or prospective public street uses, that that portion of 24th Street lying between Blocks 280 and 281 and between the westerly line of Cleveland Avenue and the easterly line of Harrison Avenue, was thereby vacated and closed, subject to divestment as thereinafter set forth. The resolution contained the following provision:

"Be it Further Resolved that in the event said National City Dehydrating Company, or its assigns and successors and the said Stewart & Bennett, or their assigns and successors fail to operate a substantial commercial enterprise upon the said demised premises or a major portion thereof for a period of five years from the date of this resolution, then, and in that event, the deeds, which are executed simultaneously herewith by the said National City Dehydrating Company and the said Stewart & Bennett to the City of National City, and which deeds are in escrow with said city shall be immediately recorded. In the event said conditions are fulfilled for a period of five years, said deeds shall be delivered to the said National City Dehydrating Company, a corporation, or its assigns or successors, and the said Stewart & Bennett, and said vacation and closing shall be absolute."

Prior to the passage of the resolution the city council adopted an ordinance of intention to vacate and close a public street in the city of National City, which ordinance described the portion of 24th Street involved herein. The time for hearing objections to the proposed vacation was set for June 29, 1943, at the city hall, National City, California. Section 3 of the ordinance provides as follows:

"That the United States of America is at War with several nations and a state of emergency exists and therefore this ordinance is passed as an emergency ordinance for the immediate preservation of the public peace, health and/or safety and shall be in full force and effect as and of the date of final passage."

Section 4 requires the city clerk to cause the ordinance to be published once in the National City News, a weekly newspaper printed and published in the city.

Defendants purchased the property, which abuts on 24th Street, from the corporation and parties named in the resolution as having executed deeds to the city of National City, and at the time of the commencement of this action were building a slaughter house on the property adjacent to 24th Street.

They were using the property involved in the vacation and closing proceedings, and claim the expenditure of approximately $20,000 in the construction of the slaughter house and in the improvement of the land upon which it is situated.

Before considering the contentions of the plaintiff, it should be observed that inasmuch as findings of fact and conclusions of law were waived, every intendment is in favor of the judgment, and upon all issues before the trial court it must be presumed that the court found all the facts necessary to support the judgment. If there is any substantial evidence to support the judgment it must be affirmed. (*Haime* v. *de Beaulieu,* 20 Cal.2d 849, 852 [129 P.2d 345] ; *Smith* v. *McKinstry,* 69 Cal.App.2d 95, 96 [158 P.2d 262].)

The plaintiff first contends that the resolution closing the street is void because of a failure to comply with the portion of the Street Vacation Act of 1941, which requires the posting of notices of time and place of hearing.

Section 8322 of the Streets and Highways Code provides in part as follows:

"Notices of street vacation shall be posted conspicuously along the line of the street or part thereof proposed to be vacated. Such notices shall be posted not more than 300 feet apart, but at least three shall be posted. Such notices shall state the passage of the ordinance of intention and the time and place of the hearing."

The testimony offered by plaintiff in an attempt to show that such notices were not posted consists of the statements of the city engineer that he did not post the notices and that to his knowledge notice was not posted as required by law, together with the statement of the superintendent of streets to the effect that all official posting done in the city of National City was done by him; that he knew no posters were ordered and he therefore knew that no posting was done in accordance with law.

Section 8322 of the Streets and Highways Code does not direct a specific person to post the notices, and plaintiff contends that in such case the clerk is required to perform that duty. There was no testimony offered that the clerk or someone in his office did not actually post the required notices.

The burden of proving the invalidity of the resolution is on the plaintiff city and all presumptions are in favor of the validity of an ordinance which has been passed relating to a matter which is within the legislative power of the munici-

pality. (*City of Yuba City* v. *Cherniavsky,* 117 Cal.App. 568, 572 [4 P.2d 299].)

■ The trial court, in determining whether or not to accept the testimony of the superintendent of streets and the city engineer, as proof of the nonposting of the notices of street vacation had a right to consider the presumptions raised by law "that official duty has been regularly performed" (Code Civ. Proc., § 1963, subd. 15); and "that the law has been obeyed" (Code Civ. Proc., § 1963, subd. 33). These presumptions, while disputable, are in themselves evidence and will support a finding made in accordance with them even though there be evidence to the contrary. (*People* v. *Siemsen,* 153 Cal. 387, 390 [95 P. 863].)

■ It was for the trial judge to determine whether the testimony of the street superintendent and the city engineer were sufficiently convincing to overcome the presumption that the required notices were in fact posted.

It is stated in plaintiff's opening brief that the court found substantially "That plaintiff city did not prove a noncompliance with the procedural step of posting notices of time and place of hearing prior to the closing of the street." Considering the evidence offered in the light of the presumptions we think this finding should not be disturbed on appeal.

■ Plaintiff next contends that the street was never closed nor vacated. This contention is based upon the provisions of the resolution relating to divestment in the event of the failure of National City Dehydrating Company, and Stewart & Bennett, or their assigns and successors, to operate a substantial commercial enterprise upon the premises or a major portion thereof for a period of five years from the date of the resolution

No competent evidence was offered at the trial to show that the defendants had failed to use the property as required by the resolution. The record does not disclose that any steps were taken by the city to declare a breach of conditions contained in the resolution. The apparent position taken by the plaintiff is that because of the condition the resolution is valid. No authority is cited to sustain this contention. In *Portland Baseball Club* v. *City of Portland,* 142 Or. 13 [18 P.2d 811], the plaintiff contended that the city council had no authority to annex a condition subsequent to an ordinance of the city of Portland, the condition being that the vacation proceedings should not be valid unless the Portland Baseball Club should on or before a certain date construct a grandstand, bleachers

and clubhouse on the property described in the ordinance. The court there said:

" 'The effect of a condition subsequent,' said Shaw, C. J., in *Harrington* v. *Harrington*, 1 Metc. (42 Mass.) 404, 408, 'is not to prevent the act to which it is annexed from taking present effect; but it may defeat it afterwards, or be attended with other legal consequences.' It is obvious that the passage of this ordinance was to give immediate effect to the vacation of the street, and, if the condition was contrary to law, then the condition alone was void, and the vacation would stand as if it were absolute and unconditional."

Plaintiff's third contention is that streets cannot be closed for private use. The plaintiff city in its brief recognized the general rule that the act of the council in ordering the vacation of a street is legislative in character and the act of a legislative body is conclusive as to a finding of necessity or convenience.

It is argued that the finality of such a legislative determination is subject to an exception when the finding of public convenience and necessity results from fraud or collusion between the city and private landowners. The rule and the exception are both stated in *Beals* v. *City of Los Angeles*, 23 Cal.2d 381, 386 [144 P.2d 839]. The complaint in the present action does not allege fraud or collusion. This question was not before the court by pleading or otherwise.

In view of our conclusion that the decision of the trial court as to the validity of the resolution should not be disturbed on appeal, we deem it unnecessary to pass upon the contention of plaintiff that estoppel may not be invoked against a municipal corporation.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.