REINALDO RIVERA GONZÁLEZ, demandante y apelante, *v.* GERARDO DELGADO, demandado y apelado.

Número 12750.

*Sometido:* 28 de abril de 1961. *Resuelto:* 19 de mayo de 1961.

*Celedonio Medín Lozada*, abogado del apelante; *J. B. Fernández Badillo, Procurador General* y *Nilita Vientós Gastón, Procuradora General Auxiliar*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 12 de abril de 1954, el peticionario, previa su declaración de culpabilidad fue sentenciado por el Tribunal Superior a cumplir de 1 a 5 años de presidio por el delito de Escalamiento en Primer Grado.[1]

Mientras cumplía la indicada sentencia, el peticionario se escapó en dos ocasiones, febrero y octubre de 1954, de la Cárcel de Distrito de Mayagüez. Procesado por dos infracciones al artículo 152 del Código Penal (fuga), se declaró culpable y fue sentenciado en 4 de octubre de 1954 a cumplir de 1 a 3 años de presidio, y en 12 de noviembre de 1954 a cumplir de 1 a 2 años de presidio.

Cuatro años después de haberse dictado la sentencia en el caso de Escalamiento en Primer Grado, el acusado radicó un recurso de *Habeas Corpus* alegando que el escalamiento se había cometido de día y no de noche y que por lo tanto el delito cometido era uno de escalamiento en segundo grado (delito menos grave). La vista de este recurso se celebró el día 29 de agosto de 1958. El fiscal se allanó y luego del tribunal haber anulado la sentencia, el acusado se declaró culpable de escalamiento en segundo grado y fue sentenciado a 2 años de cárcel.

En 23 de septiembre de 1958 el acusado radicó otro recurso de *Hábeas Corpus* alegando que las sentencias por fuga eran nulas porque el tribunal carecía de jurisdicción al dictarlas y porque de haber incurrido en algún delito, éste era una infracción al artículo 152 en su modalidad de menos grave. Dicho recurso fue declarado sin lugar y ante nos el peticionario hace los siguientes planteamientos:

[1] Contra el peticionario se formuló una acusación por el delito de Escalamiento en Primer Grado. Se le leyó la acusación y se le entregó copia de la misma. Se le nombró abogado para que lo representara. Hizo alegación de culpabilidad y fue sentenciado. Dicha sentencia era inapelable aunque revisable por *certiorari*. Art. 347 del Código de Enjuiciamiento Criminal—34 L.P.R.A., sec. 1074.

1—"El Tribunal erró al concluir que el peticionario estaba legalmente detenido en prisión para las fechas en que cometió los delitos de fuga por los cuales fue sentenciado en las causas G-54-138 y G-54-206 y que no tenía derecho a fugarse de la prisión."

2—Que habiéndose anulado la sentencia por Escalamiento en Primer Grado y sentenciado el acusado por el delito menos grave de escalamiento en segundo grado, las sentencias por fuga no se ajustan a derecho; que procede hacer con dichas sentencias lo mismo que se hizo con la sentencia por escalamiento en primer grado, o sea, anularlas, proceder a leer nuevas acusaciones por delitos de fuga menos grave e imponerle la pena que conlleva la nueva calificación del delito.

 El primer error no fue cometido.

El artículo 152 del Código Penal (33 L.P.R.A., sec. 509) dispone:

"§509. Fuga de presos

"Toda persona bajo custodia legal que se fugare mientras estuviere en prisión preventiva, o en trámite de apelación, o cumpliendo sentencia será castigada por orden sumaria del Tribunal Superior de Puerto Rico conforme a las siguientes penas: (a) si estuviere en prisión preventiva incurrirá en delito menos grave sujeto a un término de cárcel no menor de un mes ni mayor de dos años; (b) si estuviere cumpliendo sentencia o en trámite de apelación por un delito grave incurrirá en un delito grave sujeto a un término de prisión no menor de un año ni mayor de diez años; (c) si estuviere cumpliendo sentencia o en trámite de apelación por un delito menos grave incurrirá en un delito menos grave sujeto a un término de cárcel no menor de un mes ni mayor de cinco años.

"Esta pena será en adición a la sentencia que se le impusiere por el otro delito o a la que estuviere cumpliendo, según fuere el caso; *Disponiéndose,* que no será concurrente con ninguna otra." (²)

Son elementos esenciales de este delito:

---

(²) La diferencia en la severidad de la pena para las distintas modalidades del delito no viola la igual protección de las leyes. *Pennsylvania ex rel. Sullivan* v. *Ashe,* 302 U.S. 51, 88 L. ed. 43.

1—Que la persona esté bajo custodia legal; y

2—Que se fugare mientras estuviere (*a*) en prisión preventiva, (*b*) o en trámite de apelación, o (*c*) cumpliendo sentencia.

Comete pues el delito de fuga la persona que se escapa de un sitio, como una cárcel, donde se encuentra bajo custodia legal. La fuga de la custodia legal, mas bien que la fuga de un sitio de confinamiento, es lo que constituye la esencia del delito. Anderson, Wharton's *Criminal Law*, Vol. 3, sec. 1373; Burdick, *The Law of Crime*, Vol. 1, sec. 306; *State v. Lewis*, 19 Kan. 260, 27 Am. Rep. 113. La revocación posterior de una sentencia en apelación no es defensa en un proceso por fuga del acusado mientras está pendiente dicha apelación. *Moore v. Commonwealth*, 301 Ky. 851, 193 S.W.2d 448. Aunque la persona se encuentre recluida en una cárcel en virtud de una sentencia que pueda ser revocada o dejada sin efecto en apelación o en un recurso de hábeas corpus, si se escapa, comete el delito de fuga ya que la sentencia original es efectiva hasta que sea revocada o anulada. *Commonwealth v. Ashe*, 142 Pa. Supper. 403, 17 A.2d 224. Véase además, *Stinehagen v. Olson*, 145 Neb. 653, 17 N.W.2d 674; y las anotaciones en 15 L.R.A. 90; 56 A.L.R. 667 y 163 A.L.R. 1137; 70 A.L.R.2d 1430; *Copeland v. Manning*, 109 S.E.2d 361; *People v. Jones*, 329 P.2d 37.

Se conciben casos en que la persona detenida o encarcelada no se encuentra bajo custodia legal. Así por ejemplo, se ha resuelto que cuando la prisión es ilegal, y esto en sí es un delito, la fuga del acusado no constituye delito. *People v. Ah Teung*, 92 Cal. 421; 28 Pac. 577; *People v. Clark et al.*, 69 Cal. App. 520, 231 Pac. 590; *State v. Hatfield*, 66 Wash. 9, 118 Pac. 893. Existe sin embargo gran diferencia entre una encarcelación sin proceso alguno y desprovista de toda autoridad legal y una prisión bajo un proceso que resulta irregular. *People v. Ah Teung*, supra. No siempre que una persona está erróneamente encarcelada

puede fugarse impunemente. Por el contrario es corriente el caso en que su prisión aunque errónea procede de fuentes tales que incumbe al prisionero solicitar del tribunal competente que adjudique sobre lo erróneo de su prisión, y en casos apropiados, que termine dicha prisión por orden del tribunal. Si en tales casos el prisionero elige libertarse a si mismo escapando de la prisión, comete el delito de fuga. *People* v. *Hinze*, 217 P.2d 35; *Aderhold* v. *Soileau*, 67 F.2d 259; *Bayless* v. *United States*, 141 F.2d 578; *People* v. *Armstrong* (1961), 10 West, *Cal. Reptr.* 618.

En resumen, puede decirse que los tribunales han sentado por lo menos dos reglas sobre la fuga, a saber:

1—Cuando el acusado ha sido encarcelado sin autoridad legal alguna o bajo un proceso absolutamente ilegal, su derecho a la libertad es absoluto y puede dar los pasos necesarios para ganar su libertad, sin incurrir en el delito de fuga.

2—En todas las demás circunstancias que no sean las enumeradas en la regla anterior, no habría justificación alguna para la fuga.

La primera regla encuentra apoyo en su derecho individual a la libertad y la garantía constitucional de que no se le privará de ese derecho sin el debido procedimiento de ley. La segunda regla encuentra apoyo en la teoría de que el individuo debe obediencia a la ley y no debe tomar la justicia por sus propias manos sino que para el logro de su libertad debe acogerse a los procedimientos establecidos en la ley. Véase 24 So. Cal. Law Rev., Vol. 24, pág. 114.([3])

En el presente caso la diferencia entre la hora en que realmente se perpetró el escalamiento y aquélla alegada en la acusación, no vicia de absoluta nulidad la sentencia por falta del debido procedimiento en ley. En su consecuencia

---

([3]) Considerando que nuestras leyes garantizan los derechos fundamentales de todo acusado en un proceso criminal y considerando además la tradicional actitud de nuestros tribunales hacia la protección de esos derechos, puede afirmarse que con toda probabilidad será en la etapa del arresto donde surgirán la casi totalidad de las situaciones excepcionales en las cuales habría justificación para la fuga.

concluimos que en las dos ocasiones en que el peticionario se escapó de la Cárcel de Distrito de Mayagüez, se encontraba bajo custodia legal y por tanto infringió el artículo 152 del Código Penal.

■■ Tampoco tiene razón el peticionario en su segundo planteamiento. Hemos dicho que el peticionario se encontraba bajo custodia legal cumpliendo una sentencia por delito grave cuando se fugó de la Cárcel de Distrito de Mayagüez. Dispone el artículo 152 del Código Penal que cuando el acusado estuviere cumpliendo sentencia o en trámite de apelación por un delito grave incurrirá en un delito grave sujeto a un término de prisión no menor de un año ni mayor de diez años. Convenimos con el Procurador General en que la piedra de toque para determinar si el delito de fuga es grave o menos grave es la naturaleza del confinamiento en el momento de la fuga. La naturaleza del delito de fuga no depende de las futuras contingencias que pueda correr la sentencia que motivó la prisión del reo. Así no es defensa en el delito de fuga que la acusación bajo la cual se le arrestó sea desestimada, que la evidencia para sostener la acusación sea insuficiente o que sea absuelto a base de esa evidencia. Tampoco es defensa que la convicción sea revocada en apelación. Wharton's, *Criminal Law*, Vol. 3, sección 1379; *State* v. *Lewis*, supra; *Commonwealth* v. *Ashe*, supra. Véase casos citados en 70 A.L.R.2d sec. 11, pág. 1449.

El hecho de que la evidencia no sostuviera la acusación por escalamiento en primer grado y sí una por escalamiento en segundo grado, no afectaba la condición del prisionero al efecto de que cuando se fugó estaba cumpliendo una sentencia por delito grave, dictada por un tribunal competente. El delito por él cometido al fugarse es grave no empece el hecho de que posteriormente la sentencia que cumplía fuera anulada y en su lugar se dictara otra por un delito menos grave.

*Por las razones expuestas se confirmará la sentencia dictada por el Tribunal Superior.*

698

El Juez Asociado Sr. Santana Becerra sostiene la convicción por fuga, pero es de opinión que la sentencia por dicho delito debe fijarse en una de cárcel, como consecuencia de la determinación judicial previa que anuló la sentencia de escalamiento en primer grado (delito grave) y se procesó y se declaró convicto al peticionario de escalamiento en segundo grado, (delito menos grave).