the consideration for the second note was a loan of $3,500 to B. F. McKeage; that the notes evidenced a usurious agreement and that the note in suit was void.  By the reply the plaintiff admitted that the transaction constituted loans of money accompanied by promises of repayment, though they were alleged, in the complaint, to be joint ventures, and the bonus profits.

*Frederick Collin* and *Thomas B. Merchant* for appellant.
*Douglas V. Ashley* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.; HISCOCK, Ch. J., CARDOZO and LEHMAN, JJ., concur on ground that plaintiff under complaint and reply cannot recover on note.

---

PAULINE SHINDLER, as Administratrix of the Estate of BENJAMIN SHINDLER, Deceased, Respondent, *v.* SULLIVAN COUNTY LIGHT AND POWER CORPORATION, Appellant.

*Negligence — electricity — death from contact with wire heavily charged with electricity — contributory negligence.*

*Shindler* v. *Sullivan Co. L. & P. Corp.*, 213 App. Div. 71, affirmed.
(Argued October 27, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered May 21, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint and reinstated said verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant.  A bell wire ran between two houses, being suspended by a crotch in the branch of a tree midway between them; defendant's primary wire carrying 2,200 volts passed nearly at right angles to this wire.  During a storm the wires came in contact, causing the bell wire to become heavily charged and to spark and flame and set fire to the tree where it was suspended.  Plaintiff's intestate

threw an axe against the bell wire. It broke and the free end struck and electrocuted him. The defense was contributory negligence.

*Philip A. Rorty* for appellant.

*Ellsworth Baker* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, CRANE and ANDREWS, JJ.; HISCOCK, Ch. J., McLAUGHLIN and LEHMAN, JJ., vote to modify judgment by ordering new trial.

---

J. ORIN YEAGER, Appellant, *v.* MECHANICS AND METALS NATIONAL BANK, Respondent.

*Contract — principal and agent — banks and banking — action to recover for alleged breach of contract — defense that defendant acted as agent.*

*Yeager v. Mechanics & Metals Nat. Bank,* 212 App. Div. 860, affirmed.

(Argued October 28, 1925; decided November 24, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 6, 1925, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial. The action was to recover for an alleged breach of contract on the part of defendant to secure and deposit to plaintiff's order at a bank in Berlin certain bonds. The defense was that defendant was acting solely as plaintiff's agent and was, therefore, only liable for negligence.

*Stephen J. McTague* and *Harold J. Treanor* for appellant.

*Frank M. Patterson* and *Mervyn Mackenzie* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.