The People of the State of New York ex rel. Interborough Rapid Transit Company, Plaintiff, *v.* Edward P. Lavin, Individually and as President of the Consolidated Railway Workers Union of Greater New York, and Others, Defendants, and James H. Coleman, General Organizer Amalgamated Association of Street and Electric Railway Employees of America.

Supreme Court, New York County, February 15, 1928.

**Injunction — contempt — defendants not punishable for violation of restraining order after its reversal.**

Defendants are not punishable for contempt for the alleged violation by them of certain provisions of a restraining order issued at Special Term, affirmed by the Appellate Division and subsequently reversed by the Court of Appeals after service of the notice of motion herein but before the argument of this motion.

Motion to punish defendants for contempt.

*James L. Quackenbush* [*James L. Quackenbush* and *Alfred L. Wilbur* of counsel], for the plaintiff.

*Blau, Perlman & Polakoff* [*Nathan D. Perlman* and *Samuel Mezansky*, of counsel], for the defendants.

Wasservogel, J.    Plaintiff seeks to punish defendants for the alleged violation by them of certain provisions of a restraining order issued at Special Term, affirmed by the Appellate Division and subsequently reversed by the Court of Appeals after service

of the notice of motion herein *but before* the argument of this motion. (*Interborough Rapid Transit Co.* v. *Lavin*, 247 N. Y. 65.) Discussion is not necessary to establish that an injunction order must be obeyed, although it may have been erroneously granted. So long as it remains in force it must be explicitly observed. In the instant case, however, the injunction order was reversed by the highest court of the State upon the ground, as stated by LEHMAN, J., that " the injunction as issued, in its broad scope, was beyond the power of the court." In *Peck* v. *Yorks* (32 How. Pr. 408) it was held that " an injunction, which is but an order of the court, can have no more force or extended operation, after it is set aside or modified, than a statute repealed or modified, in regard to acts previously done. In either case, the rule being abolished, the infraction of it is abolished also, and nothing remains on which a conviction can be based." The same principle was declared by Chief Justice MARSHALL in *Yeaton* v. *United States* (5 Cranch, 281), wherein it was held that " after the expiration or repeal of a law, no penalty can be enforced, nor punishment inflicted for violations of the law committed while it was in force, unless some special provision be made for that purpose by statute." The motion to punish for contempt is denied.