[Civ. No. 4191. Third Appellate District.—October 20, 1931.]

THE CITY OF YUBA CITY, Appellant, v. A. CHER-NIAVSKY et al., Respondents.

Arthur Coats for Appellant.

Loyd E. Hewitt for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a decree denying an injunction which was sought to prohibit the respondents from operating a mercantile business in the residence district of the City of Yuba City.

The respondents own lot 17 of Shasta tract in the City of Yuba City. This lot fronts 127 feet on Teegarden Avenue, and is 266 feet in depth. Prior to February 6, 1928, the respondents owned and operated a small grocery-store which was located at the extreme rear end of this lot. There was no open street at this end of the lot. The store was patronized chiefly by customers from an auto park which was located near by. A pathway led from the auto park to the store, and also communicated with the eastern extremity of Ailer Street. On the last-mentioned date the City of Yuba City adopted a zoning ordinance which included this lot 17 in the residence district. Section 4 of this ordinance prohibits the establishment of any business enterprise within the residence district. That section provides in part:

"In the residence district no building shall be used or maintained for purposes or uses other than those in this section hereinafter set forth; and no building shall be constructed, erected, altered or enlarged, which is arranged, intended or designed for any use or purpose other than as for . . . " (Here follows a designation of the character of buildings which may be constructed in the residence district.

It does not include mercantile establishments or grocery-stores.)

Section 9 of this ordinance contains the following provisions:

"A nonconforming use existing in any district at the time this ordinance takes effect may be continued subject to the following provisions:

"(a) No nonconforming use shall be extended beyond the confines of the lot which it occupies or upon which it is located;

"(b) No building arranged, designed, devoted to or intended to be used for a nonconforming use, at the time of the effective date of this ordinance, shall be reconstructed or structurally altered to an extent exceeding in aggregate cost twenty-five per cent of its assessed value, without a permit therefor first being granted by the unanimous vote of the city council, unless the use of said building be changed to a conforming use;

"(c) No nonconforming use shall be changed, unless changed to a conforming use, and shall not thereafter be changed back to any nonconforming use."

The city council is then authorized to hear and determine applications for "changing, restricting, enlarging or modifying any of the uses permitted in any district".

After the adoption of this ordinance the respondents obtained a permit to construct a dwelling-house at the extreme northerly end of lot 17, at a distance of 160 feet from the location of the grocery-store. No permit was requested or granted to construct or use the structure as a store building. No permit was procured to remove the store from its original location at the rear end of the lot. The respondents, however, abandoned their former location and removed their merchandise to the new dwelling-house where they are now maintaining a grocery business in violation of the zoning ordinance.

This petition for an injunction to restrain the maintenance of the grocery business in the new locality, contrary to the zoning ordinance, was heard upon stipulated facts, which are in substantial accord with the foregoing recitation thereof. At the trial, findings of facts, favorable to the respondents, were adopted by the court. There was, however, no finding that the ordinance is unreasonable in its

application. A decree was accordingly rendered denying the injunction. From this judgment the City of Yuba City has appealed.

■ The trial court apparently assumed subdivision (a) of section 9 of the zoning ordinance, by necessary implication, authorizes the change of location of an existing business to any portion of the lot where it was formerly conducted. We are of the opinion this is contrary to the spirit and terms of the ordinance. This change of location may not be allowed except upon specified conditions and with the approval of the council. It is true the ordinance provides that "no nonconforming use shall be extended beyond the confines of the lot" upon which it previously existed. This clause should be construed with subdivision (b) which follows immediately thereafter. It provides that "no building . . . devoted to . . . a nonconforming use, at the time of the effective date of this ordinance, shall be reconstructed . . . without a permit therefor". Indeed, the ordinance specifically prohibits the granting of a permit to alter any building which was previously used for a nonconforming purpose, at an expense in excess of one-fourth of its assessed value. This ordinance, therefore, precludes the city council from granting permission to "reconstruct or structurally alter" any nonconforming building, at a cost exceeding twenty-five per cent of its assessed value. Clearly this clause prohibits, by necessary implication, the construction of an entirely new building at a place on the lot remote from the original one which was used for a nonconforming purpose. ■ An ordinance should be construed so as to uphold all of its essential provisions if reasonably possible. The construction of zoning regulations is ordinarily governed by the general rules applicable to the construction of statutes and ordinances. (43 C. J. 344, sec. 370.) Paragraph (a) may be reasonably reconciled with the above-quoted portions of paragraph (b), by holding that the ordinance means "no building . . . devoted to . . . a nonconforming use, at the time of the effective date of this ordinance, shall be reconstructed . . . without a permit therefor", and under no circumstances where the cost of such alteration exceeds twenty-five per cent of its assessed value, or when such improvement extends beyond the confines of the lot. In other words, paragraph (a) is a limitation with respect to the

location of a building formerly used for a nonconforming purpose, beyond which the council is powerless to authorize any improvement. Any other construction of the application of this clause destroys the spirit and purpose of the zoning ordinance.

It is conceded the city has the authority under its police powers to adopt a reasonable zoning ordinance prescribing the confines of residence, business and industrial districts. (43 C. J. 336, secs. 365–369; *People* v. *Hawley,* 207 Cal. 395, 410 [279 Pac. 136]; *Feraut* v. *City of Sacramento,* 204 Cal. 689 [269 Pac. 537]; *Pacific P. Assn.* v. *Huntington Beach,* 196 Cal. 211 [40 A. L. R. 782, 237 Pac. 538].) The reasonableness of the present ordinance is not challenged. It is also conceded this ordinance may not interfere with the maintenance of the business which was previously established under substantially the same circumstances in which it was formerly operated. It is unnecessary for this court to determine whether the limitation of the right of the council to authorize the alteration or improvement of a building previously used for a nonconforming business, at an expense in excess of twenty-five per cent of the assessed valuation, is a reasonable exercise of the police power of the city. That question is not involved in this action. The only question here involved is whether one may construct an entirely new and different building from the one formerly used for a nonconforming business, at a different location on the same lot, without first procuring the consent of the council. The necessity of first requiring the consent of the council to thus change the location of a grocery business, or permit a substantial enlargement thereof, does not appear to be an unreasonable exercise of the police power of the city. A city may lawfully require that an individual shall obtain a permit for the construction, alteration or use of a building. (43 C. J. 345, sec. 373; *Ex parte Fiske,* 72 Cal. 125 [13 Pac. 310]; *City of Stockton* v. *Frisbie & Latta,* 93 Cal. App. 277, 294 [270 Pac. 270].) In 19 Ruling Case Law, 808, section 113, it is said:

"It is well settled that when an ordinance is passed relating to a matter which is within the legislative power of the municipality, all presumptions are in favor of its validity, and when it is attacked the burden is on the party alleging its invalidity to establish that fact."

There was no attempt in the present case to show that the zoning ordinance in question is unreasonable in any particular.

In the present case the respondents were operating a modest little grocery-store at the rear end of a 266-foot lot, remote from other dwelling-houses. The rear end of this lot does not border on an open street. The store depended chiefly upon an auto camp, near by, for patronage. Located and operated as the store existed, it was of slight annoyance to the residents on Teegarden Avenue at the opposite end of the lot. Without application or permission of the council, the respondents surreptitiously constructed a new building 160 feet away on Teegarden Avenue, on the pretense of using it exclusively as a dwelling-house, and then removed their merchandise to the new building, where they are now maintaining their grocery business in violation of the ordinance. If there is no limitation upon the character or location of a nonconforming business, so long as it is located on the same lot where it formerly existed, then one may abandon an inexpensive notions counter which was maintained prior to the adoption of a zoning ordinance, and construct in lieu thereof an elaborate mercantile establishment at the opposite end of the same lot, at an unlimited expense, and thus circumvent and destroy the very purpose of the ordinance. We are satisfied this may not be done under the provisions of the present ordinance.

The judgment is reversed, and the trial court is directed to enter a decree restraining the respondents from maintaining or operating a mercantile establishment in their dwelling-house which is situated on the northerly extremity of lot 17 of Shasta tract in the City of Yuba City.

Preston, P. J., and Plummer, J., concurred.