In the Matter of the Application of NUNZIA PISICCHIO and Another, Petitioners, for a Certiorari Order against the BOARD OF APPEALS OF THE VILLAGE OF FREEPORT and Others, Respondents.

Supreme Court, Trial Term, Nassau County, November 4, 1937.

*Hilbert R. Johnson*, for the petitioners.

*Samuel M. Levy, Village Counsel*, for the respondents.

CUFF, J.    The board of appeals of the village of Freeport, Nassau county, by a vote of three to two, sustained the order of the superintendent of buildings of that village which directed petitioners to discontinue using the premises that they owned for coal-yard purposes.    Petitioners move for a review.    A hearing was held by the board of appeals, during which many witnesses testified.    A carefully-prepared and illuminating opinion was filed by each group of appeal board members in support of the respective decisions. The prevailing opinion recites all the pertinent facts, and they will not be repeated.    The question is: May a non-conforming use be enlarged and improved without limitation simply by continuing the same descriptive name for the business?

The rights of users of property as those rights existed at the time of the enactment of a zoning ordinance are well recognized, and have always been protected.    Despite restrictions imposed upon others in the area affected by the ordinance, they are permitted to continue to devote their property to a use prohibited by the zoning ordi-

nance, because their property was used in that way prior to the zoning. It would seem that some limitation upon expansion of that non-conforming use must be established. The Freeport ordinance, effective April 9, 1923, contained a provision regulating non-conforming uses. The same kind of regulation was included in the ordinance adopted by the village January 5, 1925, and again it appeared in the enactment of March, 1933. Each of these zoning ordinances prohibited the extension of a non-conforming use. Does this business fall within that prohibition?

The 1923 " coal yard " that was then conducted on this property sold coal from the premises in hundred-pound bags and stored on the property to accommodate such sales a mere two tons. The 1937 " coal yard " sold coal by the ton and in larger quantities from the premises and stored thereon about ten tons to accommodate that trade. The photographs taken at the time the board members visited the property tell a convincing story. It seems from the evidence offered at the hearing, about which there was no controversy, that there is a vast difference between the 1923 " coal yard " and the 1937 " coal yard."

In *Yuba City* v. *Cherniavsky* (117 Cal. App. 568; 4 P. [2d] 299) the court said: " If there is no limitation upon the character or location of a non-conforming business, so long as it is located on the same lot where it formerly existed, then one may abandon an inexpensive notions counter which was maintained prior to the adoption of a zoning ordinance, and construct in lieu thereof an elaborate mercantile establishment at the opposite end of the same lot, at an unlimited expense, and thus circumvent and destroy the very purpose of the ordinance."

Unless owners of non-conforming uses in zoning areas are required to adhere to the accepted use in volume of trade as well as character of business, zoning laws will be rendered ineffectual and such favored parcels of property will assume great values based not upon a natural growth but upon the right of the owner to extend and enlarge the existing non-conforming use. Thus a premium would then be the reward for violating the law.

Where is the extension in this case to end? From two tons to ten; from sales in small bags to sales in large trucks; from a three-hundred-pound ice scale to a great truck scale has been the recent development of this business on these premises. There must be a time when a growing non-conforming use ceases to be that same use. I think that petitioner's coal yard arrived at that stage long ago. I find myself in accord with the findings of fact and conclusions of law as set forth in the decision of the majority of the appeals board with respect to both parcels. Application denied.