CITY OF ANCHORAGE, ALASKA, v. PAULK.

No. C–2651.

United States District Court, D. Alaska. Third Division.

Sept. 1, 1953.

**699**

Ralph E. Moody, of Kay, Robinson & Moody, Anchorage, Alaska, for plaintiff.

Herman H. Ross, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

The defendant was found guilty in the municipal court of Anchorage of violating a zoning ordinance by using two lots in a residential district for the storage of used motor vehicles. From the judgment entered upon such finding, he has appealed to this court. He contends that the complaint states no offense because (1) there is no express mention of vacant land in either the enabling act, Section 16–1–35, subd. 24, A.C.L.A.1949, or the ordinance; and (2) the plaintiff failed to prove that prohibiting the storage of such vehicles would promote the public health, safety or morals.

Subsection 24, supra, empowers municipalities to "regulate and restrict * * * courts and other open spaces, the * * * use of * * * land for trade, industry, residence or other purposes; * * * to divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the purposes hereof; and within such districts to regulate and restrict the [use of land]."

Pursuant to the authority thus conferred the city was divided into residential, business and industrial districts.

I am of the opinion that the term "land" as used in the statute comprehends vacant land.

Although nothing is more commonplace than the regulation and restriction of the use of land in a zone declared to be residential, it is contended here that because the ordinance, while specifying the uses permitted, neither specifies those prohibited nor expressly provides that any use not authorized is prohibited, it is insufficient to sustain the judgment. I am of the opinion that the maxim that the express mention of one thing implies the exclusion of another, is controlling. Applying it to this case it compels the conclusion that, since the storage of used motor vehicles is not included among the uses permitted, it is prohibited by necessary implication. Botany Worsted Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 73 L.Ed. 379; Yuba City v. Cherniavsky, 117 Cal.App. 568, 4 P.2d 299.

The answer to the second contention is that the presumption of validity, which incidentally attaches to ordinances as well as statutes, is sufficient to cast the burden on the defendant of showing that the ordinance has no reasonable relation to the public health, safety or morals. Marblehead Land Co. v. City of Los Angeles, 9 Cir., 47 F.2d 528, certiorari denied 284 U.S. 634, 52 S.Ct. 18, 76 L.Ed. 540; Standard Oil Company v. City of Tallahassee, 5 Cir., 183 F.2d 410, certiorari denied 340 U.S. 892, 71 S.Ct. 208, 95 L.Ed. 647; 8 McQuillin on Municipal Corporations, 559, 562. The defendant attempted to meet this burden by questions framed to elicit opinion testimony, but was confined by the ruling of the Court to showing the character and extent of the land and use. The evidence produced was insufficient to rebut the presumption. Since it appears to be well established that the regulation and

restriction of the sale of used motor vehicles is a reasonable exercise of the police power, 128 A.L.R. 741,.744, I have no hesitancy in concluding that the plaintiff was empowered to regulate and restrict the use of the vacant land involved and to restrict, to the point of prohibition, albeit by implication, the storage of used motor vehicles upon vacant lots in residential districts.

Accordingly, the judgment of the municipal court is affirmed.