Frank H.,Coyne, J.
Plaintiffs move for an order restraining and enjoining, pendente lite, the defendant — Board of Education of Ossining School District No. 1, and all persons deriving authority from them — from “ authorizing or permitting the erection, display or installation on the property of any school subject to the jurisdiction of said Board of Education of a Creche or similar depiction of the Nativity Scene ”; and directing the Board of Education to withdraw, rescind and abrogate any authority or permission previously granted in this regard.
In substance, movants assert “ that the psychological and sociological effect of defendants’ act is to indicate clearly in the minds of the child a preference by the public school authorities of the Christian religion over other religions, and acceptance- and endorsement as truth of the dogma of the Christian religion, and a corresponding rejection of other religions.” The foregoing, plaintiffs allege, is violative of their constitutionally guaranteed right of freedom of religion.
The Board of Education and intervening defendant, the “ Ossining Creche Committee ”, on the other hand, urge that the depiction of the Nativity Scene is merely a commemoration of the epochal and historical fact of the birth of Christ. The defendants contend that the display is not designed to inculcate any particular dogma, creed, belief, or mode of worship, but only to foster good will among all men at this traditional time of year.
In order to obtain a temporary prohibitory injunction plaintiffs must show irreparable injury suffered or reasonably to be expected. (Elk St. Market Corp. v. Rothenberg, 233 App. Div. 243 ; Jack & Jill Togs v. Bernside Mills, 2 A D 2d 887; Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905; Brighton by the Sea v. Rivkin, 201 App. Div. 726.) The court will not grant injunctive relief unless the moving papers establish that some act is being done, threatened and imminent which will be destructive of plaintiffs’ rights, or cause actual, material, and irreparable injury as distinguished from fanciful, theoretical or merely possible injury. (McGillicuddy v. Monaghan, 280 App. Div. 144; De Raay v. De Raay, 255 App. Div. 544, affd. 280 N. Y. 822.)
The factual showing made by plaintiffs on the present motion does not entitle them to temporary injunctive relief. There is no showing of irreparable damage. The allegations of damage are wholly speculative and vague. It is not urged that the religious practices of plaintiffs have been interfered with, or *957 that their right of worship in accordance with their own dictates has been suppressed or curtailed. Nor does it appear that defendants have endeavored to foist upon plaintiffs the principles of any particular religion.
Prior to the return of the instant motion, the defendants made a commitment not to assemble or install the Creche until after school recessed for the Christmas holidays, and to remove the display before school convened for the new term. In view of this commitment, all allegations of damage to the psyche of certain students would appear to have been dissipated.
Without prejudging the merits of the controversy, the following observation would appear germane. The constitutional prohibition relating to separation of church and State does not imply an impregnable wall or cleavage completely disassociating one from the other. While it is necessary that there be a separation of church and State, it is not necessary that the State should be stripped of all religious sentiment. It may be a tragic experience for this country and for its conception of life, liberty and the pursuit of happiness if our people lose their religious feeling and are left to live their lives without faith. (Doremus v. Board of Educ. of Borough of Hawthorne, 5 N. J. 435.) The Constitution does not demand that every friendly gesture between the church and State should be discountenanced; nor that every vestige of the existence of God be eradicated. Whether or not the constitutional prohibitions against laws “respecting an establishment of religion, or prohibiting the free exercise thereof ” (U. S. Const., 1st Arndt.), as applied to States (U. S. Const., 14th Arndt.; N. Y. Const., art. I, § 3), are infringed under the particular facts and circumstances existing in the case at bar, may only be determined after a full and plenary trial predicated upon a complaint containing sufficient allegations of damage.
The motion for a temporary injunction is denied.
Settle order on notice.