Samuel W. Eager, J.
This action is brought by the Town of Carmel against the owners and lessees of certain premises in the town for a judgment declaring that the present use by them of the premises for storage of foods is not a use permitted by the zoning ordinance of the town and is in violation thereof, and for a judgment restraining the defendants from using the same for storage of foods and otherwise in violation of said ordinance. We have a motion here by plaintiff town for a temporary injunction. The motion is denied. The granting of a temporary injunction is a drastic remedy, and it is well settled that the granting of the same is generally to be justified only where it appears that such relief is necessary to prevent irreparable injury to plaintiff pending the trial. £ £ An injunction pendente lite may be granted only upon a showing that plaintiffs will suffer irreparable injury unless such an injunction is granted.” (McGillicuddy v. Monaghan, 280 App. Div. 144, 145.) “In order to obtain a temporary prohibitory injunction plaintiff must show irreparable injury suffered or reasonably to be expected.” (Baer v. Kolmorgen, 14 Misc 2d 955, 956, citing cases, Coyne, J.) There is no showing here that the continuance, pending- the trial, of a use of the premises by the defendants in the manner now used will result in any appreciable injury to any person.
Cross motion by defendants for summary judgment is denied. There are issues here requiring a trial. Notwithstanding the building upon the premises was designed and erected for storage and cold storage of foods, and notwithstanding a building permit was duly issued for such a building, the nature of the use of the same at this time would be controlled by the present ordinance provisions, that is, except insofar as the defendants may have vested nonconforming use rights. If, at the time of the enactment of such ordinance provisions, the building was used solely for storage and processing of foods incidental to the operation of a mink ranch upon the premises and for no other purpose, it would seem that the use thereof could not validly be extended to include a use of the same in connection with a general food and distribution business. The local zoning-ordinance specifically provides that ££ Except when permitted by the Board of Appeals as hereinafter provided, a non-con *791 forming1 use shall not he extended ”. And it is well settled that, where an owner of premises has a vested right to continue a particular use of premises which is nonconforming at the time of the enactment of a zoning ordinance limiting the use of the same, he may not enlarge upon that use as a matter of right. The right to continue a nonconforming use is the right to continue the same use and not to continue a materially enlarged nonconforming use or a materially different use which is nonconforming. (Matter of Chandler v. Corbett, 274 App. Div. 1073; Matter of Coopersmith v. Murdock, 262 App. Div. 1032; Keenly v. McCarty, 137 Misc. 524; Matter of Pisicchio v. Board of Appeals of Freeport, 165 Misc. 156; People v. Giorgi, 16 N. Y. S. 2d 923, Coyne, J.)
Defendants allege in their defenses, as the basis of alleged nonconforming use rights, that the building on the premises, at the time of the enactment of the ordinance provisions, was used not only for the storage and handling of food in connection with the operation of the mink ranch but that food therefrom was “ also sold and distributed to outside consumers and that, in addition to the operation of a minie ranch as a nonconforming use as alleged by the plaintiff, the premises were “ also used and occupied for the purchase, storage, processing, freezing and sale of foods ’ \ These allegations are controverted.
The court is unable to declare, determine and fix the rights of the parties on the undisputed facts before it, and, therefore, a trial is necessary.
Settle order on notice.