■ VILLAGE OF HONEOYE FALLS, Respondent, v BASIL T. ELMER, Appellant, et al., Defendant. (Appeal No. 1.)—Order unanimously reversed, with costs, and motion denied. Memorandum: In this action for an injunction plaintiff seeks to restrain defendant Elmer from using or permitting the use of a portion of his premises for which no certificate of occupancy has been granted by plaintiff. Defendant appeals from orders granting plaintiff a preliminary injunction and holding him in contempt for failing to comply with the terms of a temporary restraining order. "Unless the plaintiff clearly demonstrates a necessity and urgency for relief in advance of a trial, including the sustaining in the meantime of irreparable injury, the injunctive remedy will be withheld pending the trial" (*Allied-Crossroads Nuclear Corp. v Atcor, Inc.*, 25 AD2d 643, 644; CPLR 6301). Municipalities must also meet this criteria (see *Town of Carmel v Meadowbrook Nat. Bank of Nassau County*, 15 Misc 2d 789; see, also, 15 Syracuse L Rev 546). The conclusory statements submitted by plaintiff in support of its application are without factual evidentiary detail and fail to establish that irreparable harm will occur in the absence of injunctive relief (*Hartford v Resorts Int.*, 43 AD2d

828; *Town of Southeast v Gonnella,* 26 AD2d 550; *De Candido v Young Stars,* 10 AD2d 922; see 7A Weinstein-Korn-Miller, NY Civ Prac, par 6312.06). Accordingly, it is held that the court below abused its discretion in granting both the temporary restraining order and the preliminary injunction. Since the underlying order upon which the contempt was based is abolished, "the infraction of it is abolished also, and nothing remains on which a [contempt] can be based" *(Peck v Yorks,* 32 How Prac 408, 410; see, also, *People ex rel. Interborough R. T. Co. v Lavin,* 131 Misc 758). (Appeal from order of Monroe Supreme Court—preliminary injunction.) Present— Schnepp, J. P., Callahan, Doerr and Witmer, JJ.