■ MARK J. SUNDT, Appellant, v NEW YORK STATE ELECTRIC AND GAS CORPORATION, Respondent. (Appeal No. 1.) — Judgment unanimously vacated, without costs. Same memorandum as in *Sundt v New York State Elec. & Gas Corp.* (Appeal No. 2.) (103 AD2d 1014). (Appeal from judgment of Supreme Court, Wyoming County, Johnson, J. — contributory negligence.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.

■ MARK J. SUNDT, Appellant, v NEW YORK STATE ELECTRIC AND GAS CORPORATION, Respondent. (Appeal No. 2.) — Order unanimously reversed, on the law, with costs, plaintiff's motion granted, and matter remitted to Supreme Court, Wyoming County, for trial on the issue of damages. Memorandum: Plaintiff was injured on July 4, 1974, when electricity arced from a high tension wire to a nearby tree he was trimming. When the injury occurred, plaintiff was standing in the raised bucket of a tractor approximately four feet

off the ground and had just finished handsawing the diameter of an approximately 20-foot-tall pine tree at its midway height. The top of the tree was estimated to be between three and five feet beneath the high tension wire and four to five feet south of it, putting it between five and seven feet directly away from the line. As the top of the tree began to fall, electricity arced from the high tension wire to the pine needles and, conducted by the sap of the tree, traveled through the upper half of the tree and into plaintiff's person. ¶ At trial, plaintiff argued that defendant was negligent in allowing the high tension wire involved in the accident to be strung well below minimum vertical clearance standards set forth in the National Electric Safety Code and in failing to properly maintain the right of way provided for in an easement it had on the property where the tree was located. Plaintiff, a high school graduate, testified at trial that he knew he should not get too close to the wires and that he agreed to cut the tree only because he knew he wouldn't have to get close to the wire. Plaintiff stated that he was totally unaware of the danger posed by electricity at the distance involved. Both parties' experts agreed that the pine needles enabled the electricity from the wire to jump further than it could normally. Plaintiff's expert explained how this occurred. ¶ "Now, as to the needles those, of course, have very sharp points and electrically they act as corona points which produces a tiny electric discharge right at the tip of the needle before any major discharge, and initially it actually boils off some of the organic material and helps to make a carbonaceous plasma in the area in that region and will help the electricity to jump an even greater distance than it could to a metallic point." ¶ The experts did not agree on the distance the amount of electricity involved could arc from the wire. Significantly, defendant's own customer service representative, an economics major in college, stated that he was not sure he would have realized the potential danger involved. ¶ The jury subsequently found plaintiff, defendant and the landowner (who had previously reached a settlement with plaintiff) all negligent. Since plaintiff's cause of action arose prior to September 1, 1975, the effective date of CPLR 1411, the law of contributory negligence was applicable to plaintiff's action. Hence, the jury finding of negligence on his part operated to bar plaintiff's recovery. Plaintiff's posttrial motion for a directed verdict was denied by the trial court. ¶ Defendant's negligence is not at issue on this appeal; the only question for our consideration is whether as a matter of law, plaintiff was free from contributory negligence. ¶ Contributory negligence has been defined as "conduct on the part of the plaintiff, contributing as a legal cause to the harm he has suffered, which falls below the standard to which he is required to conform for his own protection" (Prosser, Law of Torts [4th ed], § 65, pp 416-417; see Restatement, Torts 2d, § 463). "Contributory negligence may consist not only in a failure to discover or appreciate a risk which would be apparent to a reasonable man, or an inadvertent mistake in dealing with it, but also in an intentional exposure to a danger of which the plaintiff is aware" (Prosser, Law of Torts [4th ed], § 65, p 424; see Restatement, Torts 2d, 466). Ultimately, the question of contributory negligence comes down to whether a reasonable man would have appreciated the risk that electricity could have arced several feet from the wires to the falling tree and traveled some 10 feet down the tree and into the person's body. ¶ Given the experts' highly technical explanations concerning the cause of the arcing electricity, the disparity between the experts' estimates of how far the electricity could arc, and the statement of defendant's own service representative that he was not sure he would have recognized the danger involved, we conclude that a reasonably prudent person would not have recognized the danger posed by electricity arcing from the high tension wire. Plaintiff's mere knowledge of the existence of the high tension wire does not render him contributorily negligent for

trimming the tree since he was unaware of the nature of the danger involved (*Shindler v Sullivan County Light & Power Corp.*, 213 App Div 71, affd 241 NY 571). ¶ Since there was no valid line of reasoning which could have led the jury to the conclusion that plaintiff was contributorily negligent, the trial court erred in not directing a verdict for plaintiff (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). (Appeal from order of Supreme Court, Wyoming County, Johnson, J. — set aside verdict.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.