■ JAMES ARMBRUSTER et al., Respondents, v CHARLES W. GIPP et al., Appellants. — Order unanimously reversed, on the law, with costs and motion denied. Memorandum: We are unaware of any authority that would permit the granting of a permanent injunction during the pendency of an action by the simple expedient of obtaining an order to show cause for such injunction, which itself is the relief sought in the underlying action. At most, plaintiffs' application was for a preliminary injunction which requires a showing that defendant is acting in violation of plaintiffs' rights, which acts would render the ultimate judgment ineffectual and which, if continued, would produce injury to plaintiff (CPLR 6301). "A temporary injunction should not be granted unless the plaintiff shows a clear legal right thereto and, in addition, shows that he would be irreparably damaged if an injunction were not granted before trial" (*De Candido v Young Stars,* 10 AD2d 922). The plaintiff has the burden of proof in seeking a preliminary injunction, and must demonstrate factually and convincingly through affidavits and other proof supplying evidentiary detail that he would be irreparably damaged if an injunction were not granted before trial (Siegel, NY Prac, § 328). ¶ Plaintiffs have failed to make any showing of an entitlement to even a preliminary injunction or a temporary restraining order, much less a permanent injunction. There appear to be sharply disputed fact issues in the underlying action. It was, therefore, error for the court to grant plaintiffs the entire relief they were seeking, especially since no motion for summary judgment was made. This determination is without prejudice to a further application by plaintiffs for relief under CPLR article 63 upon proper affidavits. (Appeal from order of Supreme Court, Erie County, Kasler, J. — injunction.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.

■ MARK J. SUNDT, Appellant, v NEW YORK STATE ELECTRIC AND GAS CORPORATION, Respondent. (Appeal No. 1.) — Judgment unanimously vacated, without costs. Same memorandum as in *Sundt v New York State Elec. & Gas Corp.* (Appeal No. 2.) (103 AD2d 1014). (Appeal from judgment of Supreme Court, Wyoming County, Johnson, J. — contributory negligence.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.