■ STANLEY ZIANKOSKI et al., Respondents, v MICHAEL SIMMONS et al., Appellants Memorandum: The motion for a preliminary injunction should not have been granted because the plaintiffs failed to show that, in the absence of an injunction, they would suffer irreparable injury *(see,* CPLR 6301). Moreover, Special Term had no power to dispense with the undertaking required by CPLR 6312 (b) *(City Store Gates Mfg. Corp. v United Steel Prods.,* 79 AD2d 671, 672). Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.

■ MAXINE MAUST et al., Appellants, v MYRON CARMER et al., Respondents Memorandum: The appeal has been deemed abandoned and dismissed, without the necessity of an order; thus, the motion to dismiss is unnecessary. Appellants' request for further time to perfect the appeal is denied without prejudice to the making of a motion to vacate the abandonment and dismissal, upon a proper showing *(see,* 22 NYCRR 1000.3 [b] [2]). Present—Dillon, P. J., Doerr, Denman, Balio and Lawton, JJ.

■ FRED EL-AMIN, Appellant, v JOEL DANIELS et al., Respondents Memorandum: The appeal has been deemed abandoned and dismissed pursuant to rule 1000.3 (b) (1) (22 NYCRR). We decline to vacate the dismissal because appellant has failed to demonstrate merit to the appeal. Present—Dillon, P. J., Doerr, Denman, Balio and Lawton, JJ.

■ In the Matter of WILLIE L. ADAMS, Petitioner, v LUCIEN A. MORIN et al., Respondents Memorandum: This court lacks authority in civil actions to extend the time to take an appeal. We do not pass upon the question whether the petitioner's time to appeal has expired. The time to take an appeal does not begin to run until the entry of an order and the service thereof with notice of entry (CPLR 5513). We deny the motion for leave to appeal as a poor person because we do not know if petitioner has timely taken an appeal. Present—Dillon, P. J., Doerr, Denman, Balio and Lawton, JJ.