██ SAMUEL BRODSKY, Respondent, v CITY OF ROCHESTER, Appellant.—Order unanimously reversed on the law without costs, motion denied and preliminary injunction vacated. Memorandum: Defendant, City of Rochester, appeals from an order of Supreme Court which granted plaintiff's motion pursuant to CPLR 6301 for a preliminary injunction restraining defendant from interfering in plaintiff's use of a parcel of property, known as 20 Gould Street, as a means of ingress and egress for plaintiff's apartment complex located on East Avenue in Rochester. Plaintiff purchased the parcel from defendant in June 1987. The following restriction was appended to the deed from defendant to plaintiff: "Access to Grantee's apartment project from Gould Street would be available to tenants and their licensees and invitees during the Can of

Worms Reconstruction Project only if Grantee's East Avenue Apartment Entrance is impaired or impeded." Plaintiff commenced the underlying action for a declaratory judgment and permanent injunction after defendant expressed the opinion that the erection of a barricade on East Avenue was not an impairment or impediment of the East Avenue entrance and exit way so as to permit plaintiff to open the Gould Street property.

To be entitled to a preliminary injunction, the movant must demonstrate: (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that the equities weigh in his favor *(Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324; *Tucker v Toia,* 54 AD2d 322, 324). Plaintiff bears the burden of establishing his undisputed entitlement to a preliminary injunction through the tender of evidentiary proof *(Armbruster v Gipp,* 103 AD2d 1014; *Camardo v Board of Educ.,* 50 AD2d 1073). Plaintiff has failed to satisfy that burden.

Although plaintiff's tenants are unable to proceed westerly on East Avenue after they leave the complex, their ingress to and egress from the apartment project is not obstructed or impeded. The tenants' inconvenience results not from any obstruction of their entrance and exit way, but from the closing of a portion of East Avenue which is an inconvenience suffered in common with other residents of East Avenue. Moreover, plaintiff has not shown that the equities weigh in his favor since the opening of the entrance and exit to and from Gould Street will impose an additional burden on the residents of that street. (Appeal from order of Supreme Court, Monroe County, Scudder, J.—preliminary injunction.) Present —Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.