■ Sutton, DeLeeuw, Clark & Darcy, Respondent, v Robert L. Beck et al., Appellants, et al., Defendant. Charles H. Githler, II, Respondent, v Robert L. Beck et al., Appellants, et al., Defendants.—Order reversed on the law with costs and motion denied. Memorandum: It was an abuse of discretion as a matter of law to grant plaintiffs' application for a preliminary injunction. Plaintiffs failed to meet their burden of demonstrating, through the tender of evidentiary proof *(see, Brodsky v City of Rochester,* 142 AD2d 1002, 1003; *Armbruster v Gipp,* 103 AD2d 1014), the likelihood of success on the merits, irreparable injury absent the granting of the injunction, and that the equities weigh in their favor *(see, Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 406; *Grant Co. v Srogi,* 52 NY2d 496, 517; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 26; *Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324).

A party moving for a preliminary injunction need not establish a certainty of success on the merits *(see, Parkmed Co. v Pro-Life Counselling,* 91 AD2d 551, 553; *Tucker v Toia,* 54 AD2d 322, 326), but when the facts necessary to establish the cause of action are, as here, in sharp dispute, a preliminary injunction should not issue *(see, Armbruster v Gipp, supra; First Natl. Bank v Highland Hardwoods,* 98 AD2d 924, 926).

Moreover, plaintiffs offered only conclusory allegations in support of their claim that they will suffer irreparable harm if the preliminary injunction is not granted *(cf,. Kaufman v International Business Machs. Corp.,* 97 AD2d 925, 926, *affd* 61 NY2d 930). Although the actions seek to impose a constructive trust upon an annuity fund, plaintiffs' claim is essentially one for money damages. Plaintiffs have made no evidentiary showing that, should they prevail in this action, defendant will be unable to satisfy the judgment *(cf., Pando v Fernandez,* 124 AD2d 495, 496).

We further note that Supreme Court erred when it granted a preliminary injunction without requiring plaintiffs to post an undertaking *(see,* CPLR 6312 [b]; *Ziankoski v Simmons,* 140 AD2d 1007; *Walter Karl, Inc. v Wood, supra; Burmax Co. v B & S Indus.,* 135 AD2d 599, 601).

All concur, Pine, J., not participating. (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—preliminary injunction.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.