■ In the Matter of the Estate of RICHARD J. O'BRIEN, Deceased.—Order insofar as appealed from unanimously reversed on the law without costs and motion denied. Memorandum: The Surrogate improvidently exercised his discretion by granting a preliminary injunction restraining petitioner from transferring or disposing of jointly-held assets upon the ground that petitioner would not be harmed by imposition of the injunction. It is settled law that a preliminary injunction should not be granted unless the movant demonstrates (1) a likelihood of success on the merits, (2) irreparable harm if the injunction is not granted, and (3) that a balance of the equities weighs in her favor *(Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 406; *Grant Co. v Srogi,* 52 NY2d 496, 517). The issue, therefore, is not whether the party sought to be restrained would be harmed if the injunction were granted, but whether the party moving for the injunction would be irreparably harmed if the application for a preliminary injunction were not granted.

The movant has failed to demonstrate irreparable harm or a likelihood of success on the merits. The record is devoid of evidence that petitioner has transferred, or is about to transfer or has threatened to transfer, any jointly-held assets. Further, a preliminary injunction should not be issued where the moving party has shown no more than the existence of some evidentiary conflicts which do not convincingly demonstrate a meritorious claim *(see, Sutton, DeLeeuw, Clark & Darcy v Beck,* 155 AD2d 962, 963; *Armbruster v Gipp,* 103 AD2d 1014). (Appeal from Order of Niagara County Surrogate's Court, DiFlorio, S.—Preliminary Injunction.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.

■ VIRGINIA J. TAYLOR, as Administratrix of the Estate of