ESI-DATA CONNECTIONS, INC., Appellant, v PETER PROULX et al., Respondents.—Order unanimously affirmed without costs. Memorandum: "[I]n reviewing an order denying a motion for preliminary injunction, we should not determine finally the merits of the action and 'should not interfere with the exercise of discretion by Special Term' but should review only the determination of 'whether that discretion has been abused' " *(Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324). On such an application, plaintiff bears the burden of demonstrating its entitlement to the relief sought through the tender of evidentiary proof *(Brodsky v City of Rochester,* 142 AD2d 1002, 1003). In those situations where plaintiff is unable to demonstrate the necessity and urgency for injunctive relief in advance of trial, it will be withheld *(A. John Merola, M.D., P. C. v Telonis,* 127 AD2d 1007). Because the record supports

Supreme Court's determination that money damages will be adequate to compensate plaintiff for defendants' unlawful conduct should plaintiff prevail at trial, Supreme Court did not abuse its discretion in denying preliminary injunctive relief. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Preliminary Injunction.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.