■ GARNER S. HOLDSWORTH et al., Respondents, v RICHARD DOHERTY, Appellant. [647 NYS2d 633] —Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting plaintiffs' motion for a preliminary injunction. Plaintiffs failed to meet their burden of demonstrating, by competent proof (*see*, *Faberge Intl. v Di Pino*, 109 AD2d 235, 240), their likelihood of success on the merits, irreparable injury in the absence of injunctive relief and that the equities weigh in their favor (*see*, *Sutton, DeLeeuw, Clark & Darcy v Beck*, 155 AD2d 962). "A party moving for a preliminary injunction need not establish a certainty of success on the merits (*see*, *Parkmed Co. v Pro-Life Counselling*, 91 AD2d 551, 553; *Tucker v Toia*, 54 AD2d 322, 326), but when the facts necessary to establish the cause of action are, as here, in sharp dispute, a preliminary injunction should not issue" (*Sutton, DeLeeuw, Clark & Darcy v Beck, supra*, at 963). Further, plaintiffs made no showing that defendant engaged in or threatened to engage in the conduct plaintiffs sought to enjoin (*see*, *Matter of O'Brien*, 174 AD2d 982). Plaintiffs submitted no proof that defendant, following the termination of his relationship with plaintiffs, represented himself as an agent, employee, officer, director or servant of plaintiff Chemgard Systems, Inc. (CSI), attempted to collect any commissions owed to CSI or made any purchases or commitments on CSI's behalf. "Mere apprehensions do not suffice; the injunction will issue only upon a showing that the defendant's wrongful acts are occurring or are threatened and reasonably likely to occur" (Siegel, NY Prac § 328, at 467 [2d ed]; *see*, CPLR 6301). Finally, plaintiffs made no evidentiary showing to support the restraint on defendant's right to communicate with manufacturers represented by CSI (*see*, *Headquarters Buick-Nissan v Michael Oldsmobile*, 149 AD2d 302, 304; *Catalogue Serv. v Henry*, 107

AD2d 783, 784). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Preliminary Injunction.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.