▪ Saul Glazer, Appellant, v Cari J. Brown et al., Respondents. [864 NYS2d 646]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered June 12, 2007 in an action for a permanent injunction. The order denied plaintiff's motion for a preliminary injunction.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion for a preliminary injunction seeking to enjoin defendants, former employees of plaintiff's accounting firm, from soliciting business from plaintiff's existing clients. In support of his motion, plaintiff contended that, before defendants ended their employment with plaintiff, defendants took his client lists, financial records and other billing information in order to solicit business from those existing clients. Plaintiff failed, however, to submit the requisite "factual evidentiary detail" to support that contention, or the further contentions that defendants used proprietary information stolen from him and that he sustained a loss of income of approximately $200,000 (*Village of Honeoye Falls v Elmer,* 69 AD2d 1010, 1010 [1979]; *see generally Genesis II Hair Replacement Studio v Vallar,* 251 AD2d 1082 [1998]; *Holdsworth v Doherty,* 231 AD2d 930 [1996]). Moreover, al-

though two of plaintiff's clients submitted affidavits in which they asserted that they were solicited by defendants, defendants are not prohibited "from engaging in fair and open competition with [their] former employer" where, as here, there is no covenant not to compete or a demonstration by plaintiff that the alleged client lists have the attributes of a trade secret (*Leo Silfen, Inc. v Cream,* 29 NY2d 387, 395 [1972]). We thus conclude that "[t]he conclusory allegations of plaintiff in support of [his motion] do not establish that irreparable harm will result in the absence of injunctive relief" (*A. John Merola, M.D., P. C. v Telonis,* 127 AD2d 1007 [1987]). Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.