Vassenelli v City of Syracuse (2018 NY Slip Op 02957)





Vassenelli v City of Syracuse


2018 NY Slip Op 02957


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, AND WINSLOW, JJ.


338 CA 17-01408

[*1]NICHOLAS L. VASSENELLI, PLAINTIFF-APPELLANT,
v
CITY OF SYRACUSE, STEPHANIE A. MINER, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS MAYOR OF CITY OF SYRACUSE, FRANK L. FOWLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CHIEF OF POLICE FOR CITY OF SYRACUSE, SERGEANT MICHAEL MOUREY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS EMPLOYEE IN CHARGE OF MEDICAL SECTION OF CITY OF SYRACUSE POLICE DEPARTMENT, ET AL., DEFENDANTS-RESPONDENTS. 






BOSMAN LAW FIRM, LLC, ROME (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COUGHLIN & GERHART, LLP, BINGHAMTON (KEITH A. O'HARA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered October 7, 2016. The order vacated a temporary restraining order and denied the application of plaintiff to waive the requirement of an undertaking for a preliminary injunction. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a disabled and retired police officer, sustained a spinal cord injury in 2003 and was awarded benefits pursuant to General Municipal Law § 207-c. From March 2013 to March 2016, defendant City of Syracuse (City) paid Dignity Plus, Inc. (Dignity), a home healthcare agency, to provide assistance to plaintiff in his home. Through Dignity, home health aides provided care to plaintiff daily. Although nurses also assisted plaintiff as necessary, neither registered nurses nor licensed practical nurses were assigned to care for plaintiff in his home 24 hours per day. In late February 2016, Dignity notified the City that plaintiff was in need of a heightened level of care that would approximately double the cost of plaintiff's services from Dignity. Dignity notified the City that it intended to terminate plaintiff's services on March 20, 2016 unless the City agreed to the increased level of care and cost. The City and Dignity were unable to reach a new agreement, and plaintiff brought this action alleging, inter alia, that the City wrongfully denied the payment of and obstructed him from receiving certain medical care.
By order to show cause, plaintiff sought relief in the form of a temporary restraining order (TRO) and a preliminary injunction. Supreme Court scheduled a hearing on plaintiff's application for a preliminary injunction and granted the TRO, ostensibly requiring the City "to continue to pay and provide [plaintiff] with 24-hour skilled nursing care at home." At the conclusion of the hearing on the preliminary injunction, plaintiff made an oral motion alleging that defendants had failed to provide him with the nursing services required by the TRO and requesting "that the defendants [therefore] be found in contempt." After the hearing, the court granted the preliminary injunction on the condition that plaintiff post an undertaking pursuant to CPLR 6312 and stated that defendants were entitled to a hearing on the oral motion alleging contempt. Thereafter, plaintiff filed another order to show cause seeking, inter alia, a waiver of the undertaking and, in accordance with the prior oral motion alleging contempt, a finding that defendants had willfully disobeyed the TRO. The City and other defendants cross-moved [*2]seeking leave to reargue plaintiff's prior application for a preliminary injunction, denial of that application upon reargument and vacatur of the TRO to the extent necessary. The court thereafter issued an order denying the relief sought in plaintiff's second order to show cause and granting that part of the cross motion seeking vacatur of the TRO. We affirm.
Plaintiff contends that the court erred in denying that part of his application seeking a waiver of the undertaking pursuant to CPLR 6312 (b). We reject that contention. CPLR 6312 (b) directs a court to fix an undertaking in an amount that will compensate a defendant for damages incurred by reason of the granting of a preliminary injunction in the event that it is finally determined that a plaintiff was not entitled to the injunction. Plaintiff, as the party herein who sought a preliminary injunction, was clearly and unequivocally required to post an undertaking (see CPLR 6312 [b]; Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 224 [4th Dept 2009]; see also Rust v Turgeon, 295 AD2d 962, 963 [4th Dept 2002]; Wasus v Young Sun Oh, 86 AD2d 753, 753 [4th Dept 1982]). Contrary to plaintiff's contention, the court had "no power to dispense with the undertaking required by CPLR 6312 (b)" (Ziankoski v Simmons, 140 AD2d 1007, 1007 [4th Dept 1988]; see Duane Sales v Hayes, 87 AD2d 730, 730-731 [3d Dept 1982]; compare CPLR 6312 [b] with 6313 [c]).
We reject plaintiff's further contention that the court erred in applying state law rather than federal law in considering whether to waive the undertaking. Inasmuch as plaintiff expressly requested injunctive relief under CPLR article 63 based on the alleged failure of the City to act in accordance with the General Municipal Law, we conclude that the court properly applied CPLR 6312 (b). We further conclude that the court did not improvidently exercise its discretion in fixing the amount of the undertaking (see 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702, 703 [2d Dept 2012]).
Plaintiff further contends that the court erred in denying that part of his application seeking a finding of contempt based on defendants' willful disobedience of the TRO. We conclude that the court properly determined that there was no unequivocal mandate upon which a finding of contempt could be based, and we therefore reject plaintiff's contention. In order "[t]o sustain a finding of . . . civil . . . contempt based on an alleged violation of a court order[,] it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240 [1987]; see Judiciary Law § 753; see also Village of Warsaw v Almeter, 63 AD3d 1622, 1622 [4th Dept 2009]; Matter of Aida C., 44 AD3d 110, 116 [4th Dept 2007]). Here, the TRO required the City to "continue to pay and provide [plaintiff] with 24-hour skilled nursing care at home." Inasmuch as the City had never previously paid for or provided plaintiff with 24-hour skilled nursing care in his home, that language was unclear and equivocal, and it therefore could not serve as the basis for a finding of contempt.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court