

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Jorge L. Rivera Rivera<br><br>Peticionario | Certiorari<br><br>2011 TSPR 201<br><br>183 DPR ____ |

Número del Caso:    CC-2010-447


Fecha: 16 de diciembre de 2011


Tribunal de Apelaciones:

                    Región Judicial de Caguas Panel X

Jueza Ponente:        Hon. Carmen H. Carlos Cabrera


Abogados de la Parte Peticionaria:

            Lcda. Zinia I. Acevedo Sánchez

            Lcdo. Luis A. Pérez Bonilla


Oficina de la Procuradora General:

            Lcda. Zaira Girón Anadón
            Subprocuradora General

            Lcda. María T. Caballero García
            Procuradora General Auxiliar


Materia: Sobre Art. 281 del Código Penal


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | |
| Recurrido | |
| v. | CC-2010-0447 |
| Jorge L. Rivera Rivera | |
| Peticionario | |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 16 de diciembre de 2011

Nos corresponde evaluar nuevamente si una persona que abandona un programa de tratamiento y rehabilitación en una institución privada a la cual fue referida por la Administración de Corrección para concluir su sentencia de reclusión incurre en el delito de fuga tipificado en nuestro ordenamiento penal. Para ello debemos analizar si actuó correctamente el Tribunal de Apelaciones al concluir que los cambios introducidos en el artículo 281 del Código Penal de 2004, 33 L.P.R.A. sec. 4909, dejaron sin efecto lo establecido por este Tribunal en *Pueblo v. González Vega*, 147 D.P.R. 692 (2002), donde resolvimos en la negativa esta controversia.

I.

El 27 de agosto de 2008 el señor Jorge L. Rivera Rivera ingresó en la Institución Guayama 1000 para cumplir una sentencia de dos (2) años, seis (6) meses un (1) día por

violar el artículo 193, 33 L.P.R.A. sec. 4829, y el artículo 201, 33 L.P.R.A. sec. 4821, del Código Penal de 2004 (en adelante Código de 2004).

El 17 de septiembre de 2008 la Administración de Corrección lo reclasificó a custodia mínima. El 14 de noviembre de 2008 lo trasladaron al Hogar Cristiano de Rehabilitación y Transformación Nuevo Pacto, en Juncos, como parte de un acuerdo entre la Administración de Corrección y el Hogar para que culminara su sentencia y se beneficiara de un programa de rehabilitación.

El 25 de noviembre de 2008 el señor Rivera se escapó de la institución en contravención al pacto establecido. El 10 de agosto de 2009 el Ministerio Público presentó una denuncia contra el señor Rivera por alegada infracción al artículo 281 del Código de 2004, la cual dispone que:

> El referido acusado, JORGE RIVERA RIVERA, allá en o para el 25 de noviembre de 2008, en Juncos, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Instancia, Sala de Caguas, ilegal, voluntaria y criminalmente se fugó del "Hogar Cristiano de Rehabilitación y Transformación Nuevo Pacto" en Juncos, el cual tiene acuerdo o contrato con la Administración de Corrección, mientras se encontraba cumpliendo la sentencia firme de dos años de reclusión en este lugar por el delito grave de Apropiación Ilegal.

En la vista preliminar, el peticionario presentó una "Moción de Desestimación al Amparo del Debido Proceso de Ley" en la que indicó que de la denuncia no se configuraba el delito de fuga según dispuesto en el artículo 281 del Código de 2004.

El Ministerio Público presentó una "Réplica a Moción de Desestimación al Amparo del Debido Proceso de Ley". Planteó que el Hogar de donde se había escapado Rivera tenía un acuerdo suscrito con la Administración por lo que éste se encontraba bajo su custodia hasta que cumpliera la sentencia impuesta. Sostuvo, además, que dicho Hogar tenía una licencia otorgada por la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA) por lo que el imputado había incurrido en el delito de fuga tipificado en el artículo 281.

El 8 de septiembre de 2009 el Tribunal de Primera Instancia emitió una resolución mediante la cual declaró ha lugar la moción de desestimación presentada por la defensa. El tribunal concluyó que la situación de hechos del caso de epígrafe no está contemplada en ninguna de las circunstancias tipificadas en el artículo 281. Ello, por entender que este artículo no incluye al convicto que ha sido puesto en libertad por la Administración de Corrección y referido a su residencia u otro lugar privado bajo programa de supervisión electrónica o cualquier otro programa de rehabilitación no especificado en el tipo delictivo.

El 8 de octubre de 2009 el Ministerio Público instó un recurso de *certiorari* ante el Tribunal de Apelaciones. Tras haber solicitado prórroga para oponerse al recurso, la defensa presentó su escrito en oposición a la petición de *certiorari*. Mediante resolución de 26 de febrero de 2010, el Tribunal de Apelaciones revocó el dictamen del tribunal inferior al concluir que los hechos alegados en la denuncia

están comprendidos en el delito de fuga del Código de 2004. Posteriormente, el señor Rivera presentó ante el foro apelativo una moción de reconsideración, la cual fue declarada no ha lugar.

Inconforme con dicha determinación, el 28 de mayo de 2010 el señor Rivera presentó ante este Tribunal una Petición de Certiorari. El peticionario alega que el foro apelativo intermedio incurrió en error al revocar la resolución del Tribunal de Primera Instancia mediante la cual se desestimó el proceso en su contra basado en que la conducta imputada no constituye delito bajo nuestro ordenamiento penal. Sostiene, que la interpretación realizada por el Tribunal de Apelaciones violó las normas de hermenéutica judicial y el principio de legalidad al criminalizar conducta mediante el uso de la analogía.

**II.**

**A.**

El principio de legalidad es el principal límite que se impone al ejercicio de la potestad punitiva estatal, Claus Roxin, *Derecho Penal, Parte General* 137 (trad. Luzón Peña et als., Civitas, 2000), junto con las salvaguardas constitucionales que prohíben la pena de muerte en nuestra jurisdicción, así como los castigos crueles e inusitados y la aplicación retroactiva de la ley penal. Este principio suele expresarse mediante el aforismo popularizado por Feuerbach de *nullum crimen nulla poena sine lege*. Luis Ernesto Chiesa Aponte, *Derecho Penal Sustantivo* 42 (Publicaciones JTS 2006). La exigencia de la legalidad significa, en esencia, que no

pueden prohibirse conductas ni imponerse penas que no se encuentren previamente establecidas en la ley. Francisco Muñoz Conde & Mercedes García Arán, *Derecho Penal, Parte General* 99 (Tirant Lo Blanch, 6ª ed., 2004). La norma queda recogida en el artículo 2 del Código de 2004, 33 L.P.R.A. sec. 4630:

> No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos.

Este Tribunal ha reiterado en múltiples ocasiones que el principio antedicho conlleva las garantías siguientes: (1) garantía criminal de que no se acusará a persona alguna por un hecho que no esté previamente definido como delito; (2) la garantía penal que prohíbe imposición de penas o medidas de seguridad que no se hayan establecido previamente por ley; (3) y la prohibición de leyes vagas. *Véase Pueblo v. Ruiz Martínez*, 159 D.P.R. 194, 235 (2006).

Consecuencia natural de este principio es, además, que los tribunales no pueden ampliar el ámbito de aplicación de los delitos mediante el uso de la analogía. Por ello el artículo 3 del Código de 2004, 33 L.P.R.A. sec. 4631, dispone que "[n]o se podrán crear ni imponer por analogía delitos, penas ni medidas de seguridad". *Id.* La prohibición consiste en impedir que un juez sancione a una persona por conducta no tipificada que meramente se asemeja a conducta constitutiva de delito. Como señala la profesora Nevares-Muñiz, "[c]uando se aplica la analogía, el juez está supliendo la voluntad del

legislador, que no existe para los hechos que tiene ante sí, puesto que si tal hubiera sido la intención del legislador la hubiera expresado claramente en la ley". Dora Nevares-Muñiz, *Nuevo Código Penal de Puerto Rico* 3 (3ª ed. 2008).

La prohibición de la creación de delitos por analogía no debe confundirse con la capacidad interpretativa de la ley que está facultado a ejercer todo juez cuando evalúa una controversia que se le presenta. Las leyes, incluidas aquellas que puedan conllevar la privación de la libertad de un ser humano, es decir, las leyes de carácter penal, no están exentas de interpretación por el juez. *Véanse Pueblo v. Ruiz Martínez*, 159 DPR 194 (2003); *Pueblo v. Ríos Dávila*, 143 D.P.R. 687 (1997); *Pueblo v. Rodríguez Jiménez*, 128 DPR 114 (1991). Lo que está vedado por nuestro ordenamiento penal no es la ley que requiera interpretación, sino aquélla cuya interpretación requiera un esfuerzo hermenéutico propio de juristas para descifrar cuál es la conducta prohibida. *Pueblo v. Martínez Yanzanis*, 142 DPR 871, 877 (1997). Este Tribunal ha sido enfático en que al evaluar una disposición legal lo fundamental es interpretarla de tal manera que valide y adelante el propósito del legislador. *Id*. Por eso en *Pueblo v. Zayas Rodríguez*, 147 D.P.R. 530 (1999), expresamos que:

> En materia de hermenéutica judicial sólo hay una regla que es "absolutamente invariable", y ésta es la de que debe describirse y hacerse cumplir la verdadera intención y deseo del poder legislativo. En otras palabras, la regla de oro en materia de interpretación de leyes es que el objeto principal de todas las reglas de hermenéutica no es conseguir un objetivo arbitrario preconcebido, sino dar efecto al propósito del legislador.

*Id*. en la pág. 549.

**B.**

En *Pueblo v. González Vega*, 147 D.P.R. 692 (2002), este Tribunal se expresó en torno al delito de fuga tipificado en el artículo 232 del entonces vigente Código Penal de 1974 (en adelante Código de 1974). Conforme este artículo, cometía el delito de fuga:

> [t]oda persona sometida legalmente a detención preventiva, sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo conforme a un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal . . . o . . . [el inciso (b) del artículo 404 de la de la Ley de Sustancias Controladas], sometida legalmente a reclusión o a medida de seguridad de internación, que se fugare . . . .

33 L.P.R.A. sec. 4428 (Supl. 1997).

Los hechos del mencionado caso eran los siguientes: el señor González Vega había sido sentenciado por dos (2) cargos del delito de posesión de sustancias controladas. El tribunal le impuso una pena de reclusión de tres (3) años por cada uno de los cargos. Posteriormente, fue excarcelado y referido al Programa de Supervisión Electrónica de la Administración de Corrección, permitiéndole que extinguiera su condena desde su residencia, sujeto al uso de un brazalete electrónico. Tras recomendación de la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA), el señor González Vega fue ingresado en una de las instalaciones de Hogares CREA. Luego de un tiempo, González Vega abandonó la institución y fue arrestado poco después. Por estos hechos

fue acusado de cometer el delito de fuga del entonces artículo 232.

Al atender la controversia presentada ante nosotros en aquel entonces, resolvimos que la conducta incurrida por el peticionario no estaba incluida en el delito de fuga imputado. El señor González Vega "no se encontraba sometido legalmente a detención preventiva," *González Vega*, 147 D.P.R. 692, 701, ni se encontraba sometido legalmente a una medida de seguridad de internación. *Id*. "[T]ampoco se encontraba sometido a tratamiento y rehabilitación bajo un procedimiento especial de desvío conforme a la Regla 247.1 de Procedimiento Criminal, supra, o bajo el inciso (b) del Art. 404 de la Ley de Sustancias Controladas de Puerto Rico." *Id*.

Asimismo, basándonos en la definición provista por el artículo 40 del Código de 1974, el cual definía *pena de reclusión* como "la privación de libertad en la institución adecuada durante el tiempo señalado en la sentencia," resolvimos que la reclusión de González Vega cesó cuando éste salió de la cárcel y que su ingreso en Hogares CREA no alteró esa circunstancia. Razonamos que el legislador del Código de 1974 no previó como un hecho penalmente antijurídico que una persona que se encontraba extinguiendo una condena sujeta a supervisión electrónica abandonase una institución pública o privada en la que se encontrase recibiendo tratamiento de rehabilitación. *Id*. en las págs. 73-74.

Luego de resuelto este caso, con la entrada en vigor del Código de 2004 el 1 de mayo de 2005, el delito de fuga fue reformulado, y está tipificado en el artículo 281, 33 L.P.R.A. sec. 4909. El nuevo artículo dispone que:

> Toda persona sometida legalmente a detención preventiva, a pena de reclusión o de restricción de libertad, o a medida de seguridad de internación, a tratamiento y rehabilitación en un programa del Estado Libre Asociado o privado, supervisado y licenciado por una agencia del mismo, o a un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal o bajo ley especial, que se fugue o se evada de la custodia legal que ejerce sobre ella otra persona con autoridad legal y toda persona que actúe en colaboración con aquella, incurrirá en delito grave de cuarto grado.
>
> La pena se impondrá además de la sentencia que corresponda por el otro delito o a la que esté cumpliendo. En este delito no estarán disponibles las penas alternativas a la reclusión.

Como señala la profesora Nevares-Muñiz, "el objeto jurídico de protección tutelar en este artículo es el respeto que merece el Estado cuando impone límites a la libertad de sus ciudadanos por razón de haber resultado convictos de un delito o por estar sujetos a responder en un juicio por una acusación pendiente". D. Nevares-Muñiz, *Nuevo Código Penal de Puerto Rico Comentado* 359-60, Instituto para el Desarrollo del Derecho, Inc. (2004-2005). La esencia del delito lo constituye la fuga o evasión por parte del sujeto activo de la custodia legal a la cual está sometido. *Rivera v. Delgado*, 82 D.P.R. 692, 695 (1991).

En el caso de autos, nos corresponde evaluar si esta nueva redacción del delito de fuga tuvo como propósito ampliar el ámbito de aplicación de este delito para incluir a

personas que abandonan una institución privada a la que fueron ingresadas con el fin de extinguir una condena de reclusión. Veamos.

### III.

El señor Rivera Rivera plantea que la conducta imputada no constituye fuga bajo nuestro ordenamiento penal por entender que dicho delito no contempla el abandono de una institución privada a la que es referido un sentenciado para culminar su pena de reclusión. No le asiste la razón.

El artículo 281 del Código de 2004 comprende la fuga como la evasión de la "custodia legal que ejerce sobre ella otra persona con autoridad legal". Conforme a esta nueva redacción, se configura la custodia legal cuando la persona se encuentra sometida legalmente a (1) detención preventiva; (2) pena de reclusión; (3) restricción a la libertad, ya sea terapéutica o domiciliaria; (4) medida de seguridad o internación; (5) tratamiento y rehabilitación en un programa del Estado Libre Asociado o privado, supervisado y licenciado por una agencia del gobierno; o (6) un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal o ley especial.

Tal y como señaló el Tribunal de Apelaciones, distinto al artículo 232 del Código de 1974 que analizamos en *González Vega*, este artículo dejó claramente definido el tratamiento y rehabilitación en un programa del Estado Libre Asociado o privado, supervisado y licenciado por una agencia del mismo, como una modalidad de tipo penal independiente del

procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal o bajo una ley especial.

El lenguaje utilizado es cónsono con la intención legislativa de ampliar la cobertura del artículo de fuga del Código de 1974, según demuestra el Informe de la Medida, P. del S. 2302, Comisión de lo Jurídico del Senado, pág. 65:

> En el delito de fuga (Artículo 281) se amplía su alcance para que incluya todas las modalidades de custodia que se mencionan expresamente y las propuestas en el Nuevo Código [de 2004]. Se hace mandatoria la imposición de pena de reclusión. En el nuevo tipo de fuga la redacción del Artículo 232 vigente, se modifica para que su redacción precisa comprenda todas las modalidades que se mencionan expresamente y las creadas en el propuesto Código. Se incluye cualquier programa de desvío por ley especial ante una causa criminal. La Comisión propone que incluya expresamente la fuga de un tratamiento y rehabilitación en un programa del Estado Libre Asociado o privado supervisado y licenciado por una agencia gubernamental tal y como dispone el Artículo 252 del Código Penal, 1974, vigente.

En el caso ante nuestra consideración, se le imputa al señor Rivera Rivera haber abandonado una instalación del Hogar Cristiano de Rehabilitación y Transformación Nuevo Pacto, en Juncos. Como señala su nombre, el Hogar Nuevo Pacto es una entidad privada encargada de dar tratamiento y rehabilitación a personas adictas al uso de sustancias controladas. La Administración de Corrección y el Hogar establecieron un acuerdo para que los confinados pudieran cumplir su pena de reclusión en esta institución rehabilitadora. El peticionario fue ingresado al Hogar como beneficiario de dicho acuerdo. Estaba, por tanto, sometido legalmente a la custodia legal de un programa de tratamiento y rehabilitación supervisado y licenciado por una agencia del

Estado. Por consiguiente, no cabe duda de que la conducta imputada al peticionario está incluida en el delito de fuga de nuestro Código Penal.

**IV.**

Por entender que la conducta imputada al peticionario está incluida en el delito de fuga tipificado en el artículo 281 del Código Penal de 2004, confirmamos la sentencia recurrida.

Se dictará sentencia de conformidad.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>        Recurrido<br><br>            v.<br><br>Jorge L. Rivera Rivera<br><br>        Peticionario | CC-2010-0447 |

SENTENCIA

San Juan, Puerto Rico, a 16 de diciembre de 2011

        Por los fundamentos expuestos en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se dicta sentencia confirmando la sentencia recurrida.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria General Interina.

                        Larissa Ortiz Modestti
                Secretaria del Tribunal Supremo, Interina